UNITED STATES of America, Plaintiff-Appellee,

v.

Gerges SOLIMAN, Defendant-Appellant.

No. 86–5109.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 1987.

Decided March 25, 1987.

Daryl L. Smith, Beverly Hills, Cal., for defendant-appellant.

David W. Wiechert, Los Angeles, Cal., for plaintiff-appellee.

Before T. SNEED, FARRIS and NOONAN, Circuit Judges.

FARRIS, Circuit Judge:

Gerges Soliman began working for United Insurance Company in 1973 as a sales agent. In 1976 he became a sales manager. From 1980 to July 1983 William Ekaireb, one of the sales agents whom Soliman supervised, was engaged in a mail fraud scheme that involved forging death certificates and collecting insurance proceeds under lapsed insurance policies. Ekaireb was subsequently convicted of mail fraud.

In 1986 Soliman was indicted on three counts of mail fraud and two counts of interstate transportation of property taken by fraud. All of the events alleged in the indictment occurred during the period when Soliman was Ekaireb's supervisor. At trial, the Government introduced a summary chart that described 102 fraudulent insurance claims that Ekaireb had submitted during the period in question. It was admitted over Soliman's objections. The trial court rejected his argument that the summary chart was inadmissible evidence of "other crimes" under Fed.R.Evid. 404(b). Soliman then requested a limiting instruction on a theory that the summary chart was evidence of intent and knowledge only, and not of guilt. That request was denied. Soliman was convicted on April 14, 1986, and was sentenced on May 15, 1986.

## STANDARDS OF REVIEW

Whether the summary chart was "other crimes" evidence within the meaning of Fed.R.Evid. 404(b) is a question of law that is reviewed *de novo*. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir. 1984) (en banc). The district court's decision to admit the summary chart into evidence without giving a limiting instruction is reviewed for an abuse of discretion. *See United States v. Campbell*, 774 F.2d 354, 356 (9th Cir.1985); *United States v. Soulard*, 730 F.2d 1292, 1302 (9th Cir.1984).

## DISCUSSION

We consider (1) whether the summary chart was "other crimes" evidence within the meaning of Fed.R.Evid. 404(b), and (2) if the chart was "other crimes" evidence, whether the district court abused its discretion by failing to give the requested limiting instruction.

Soliman's argument is premised on the assumption that the summary chart was "other crimes" evidence within the meaning of Fed.R.Evid. 404(b). Such evidence is admissible to show such things as a defendant's intent, knowledge, or motive, but not as direct evidence of guilt. Soliman argues that the district court abused its discretion by admitting the summary chart into evidence without instructing the jury as to the chart's limited evidentiary significance.

The Government's argument that the summary chart was direct evidence is com-

pelling. To prove the mail fraud counts, the Government had to show the existence of a scheme of mail fraud activity and Soliman's connection to that scheme. *See Pereira v. United States,* 347 U.S. 1, 8, 74 S.Ct. 358, 362, 98 L.Ed. 435 (1954). The indictment alleges the existence of, and Soliman's connection to, such a scheme. The Government's argument is especially persuasive in view of (1) the fact that Soliman supervised Ekaireb during the period when Ekaireb was engaging in his mail fraud activities, (2) the close similarity between the mail fraud offenses with which Soliman and Ekaireb were charged, and (3) the proximity in both time and space between Ekaireb's mail fraud activities and the mail fraud offenses with which Soliman was charged. *See Campbell,* 774 F.2d at 356; *United States v. Lester,* 749 F.2d 1288, 1299–1300 (9th Cir.1984); *United States v. Bernal,* 719 F.2d 1475, 1478 (9th Cir.1983).

██ Evidence should not be treated as "other crimes" evidence when "the evidence concerning the ['other'] act and the evidence concerning the crime charged are inextricably intertwined." *United States v. Aleman,* 592 F.2d 881, 885 (5th Cir.1979). *See also* 22 C. Wright & K. Graham, Federal Practice and Procedure § 5239 at 441 (1978). In addition, "[t]he policies underlying the rule are simply inapplicable when some offenses committed in a single criminal episode become 'other acts' because the defendant is indicted for less than all of his actions." *Aleman,* 592 F.2d at 885. The record suggests both that Soliman was indicted for "less than all of his actions" and that Ekaireb's mail fraud activities were closely intertwined with Soliman's activities. We agree with the trial court. The summary chart was not "other crimes" evidence.

██ Even if the summary chart was "other crimes" evidence, the district court did not abuse its discretion by failing to give the requested limiting instruction. In *United States v. Minyard,* 461 F.2d 931, 934 (9th Cir.1972), we stated "the general rule that where evidence pertaining to another crime is introduced for the purpose of

showing the general intent of defendant ... the jury should be instructed as to [its] limited probative effect." *See also United States v. Brown,* 562 F.2d 1144, 1148 n. 2 (9th Cir.1977); *United States v. Franks,* 511 F.2d 25, 36 (6th Cir.), *cert. denied,* 422 U.S. 1042, 95 S.Ct. 2654, 45 L.Ed.2d 693 (1975). That a district court should give a limiting instruction when admitting "other crimes" evidence does not necessarily mean that a district court abuses its discretion if it fails to do so. "The giving of a limiting instruction is but one factor in deciding whether there has been an abuse of discretion." *Brown,* 562 F.2d at 1148. The mail fraud activities described in the summary chart are closely related to the crimes charged in the indictment. Further, in its general charge to the jury, the district court reminded the jury that "Soliman is not on trial for any act or conduct not alleged in the indictment." This instruction alone is sufficient, under the circumstances here, to warrant a finding that the district court did not abuse its discretion. *See Soulard,* 730 F.2d at 1302–03.

AFFIRMED.