959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Anthony MOSTI, aka Victor Mendoza-Macias, Defendant-Appellant.
 No. 90-50228.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Anthony Mosti appeals his conviction following jury trial for importation of LSD, in violation of 21 U.S.C. §§ 952 and 960, and possession of LSD with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Mosti contends that the district court abused its discretion by permitting the government to introduce evidence of methamphetamine and drug paraphernalia found in his possession at the time of his arrest. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo whether evidence is "other crimes" evidence within the meaning of Fed.R.Evid. 404(b). United States v. Soliman, 813 F.2d 277, 278 (9th Cir.1987). We review for abuse of discretion a district judge's ruling on the admissibility of evidence. United States v. Butcher, 926 F.2d 811, 815 (9th Cir.), cert. denied, 111 S.Ct. 2273 (1991).
 
 
 4
 Evidence of other unlawful acts is not inadmissible under Rule 404(b) of the Federal Rules of Evidence "when 'the evidence concerning the ["other"] act and the evidence concerning the crime charged are inextricably intertwined.' " Soliman, 813 F.2d at 279 (quoting United States v. Aleman, 592 F.2d 881, 885 (5th Cir.1979)); see also Butcher, 926 F.2d at 817 (quoting same language). " '[T]he policies underlying the rule are simply inapplicable when some offenses committed in a single criminal episode become "other acts" because the defendant is indicted for less than all of his actions.' " Soliman, 813 F.2d at 279 (quoting Aleman, 592 F.2d at 885).
 
 
 5
 Here, Mosti rode his moped into the Otay Mesa Port of Entry from Mexico. He was referred to a secondary checkpoint for a more thorough inspection. During a pat-down search, customs inspectors discovered that Mosti was carrying a metal cigarette case which contained (1) two paper squares laced with LSD, (2) a razor blade, and (3) a straw. Additionally, Mosti was wearing a vial on a string around his neck which contained traces of methamphetamine. Customs inspectors also found three sheets of paper stamps laced with LSD in Mosti's wallet.
 
 
 6
 At trial, Mosti attempted to show that he was unaware that any of the paper stamps were laced with LSD. The government introduced evidence of the methamphetamine contained in the vial and the other drug paraphernalia to prove that Mosti knew the two paper stamps found with his personal drug paraphernalia were laced with LSD. Therefore, the government argued that he knew all of the paper stamps were laced with LSD.
 
 
 7
 Although Mosti was found in possession of the methamphetamine and drug paraphernalia along with the LSD, he was charged only with offenses relating to his possession of the LSD. Nonetheless, his possession of the methamphetamine and drug paraphernalia was inextricably intertwined with the LSD possession. See Butcher, 926 F.2d at 816; Soliman 813 F.2d at 279. Therefore, the district court did not err by determining that the methamphetamine and drug paraphernalia were not "other crimes" evidence, see Soliman, 813 F.2d at 279, and did not abuse its discretion in admitting the challenged evidence, see Butcher, 926 F.2d at 816.
 
 
 8
 Mosti also contends that even if the evidence was admissible, the district court erred by failing to properly weigh the Fed.R.Evid. 403 factors. This contention lacks merit. The district court was required to "find that the probative value of the evidence ... [was] not substantially outweighed by the danger of unfair prejudice before the evidence ... [would be] admissible." See United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir.1987). Here, the district court stated "that [the] probative value far outweighs any prejudicial effect.... [The methamphetamine and drug paraphernalia] weren't something that were hidden in the car--off his person. They were on his person, and I think that the probative value is the knowledge of the drugs...." Thus, we hold that the district court conducted a proper balancing under Rule 403 and did not abuse its discretion. See id. at 1069-70.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3