977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul HERZ, Defendant-Appellant.
 No. 91-10328.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 17, 1992.*
Decided Oct. 1, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul C. Herz appeals his conviction for making false statements in a credit card application in violation of 18 U.S.C. § 1014. Herz claims that the district court erroneously admitted evidence that he used the credit cards beyond their stated limits and made no payments. Herz argues that the district court should have instructed the jury sua sponte on the limited purpose of this "bad act" evidence. Herz also alleges that the jury instructions incorrectly defined "knowingly." We affirm.
 
 BACKGROUND
 
 3
 Herz applied for a Visa and a Mastercard from First Interstate Bank on January 18, 1986. Herz claimed in his application that he had been employed for two years as a vice-president of Time Energy of Northern California with a salary of $50,000 plus commissions. Herz also claimed that he was buying a house. In reality Herz had only been associated with Time Energy for approximately one year. He purportedly worked on commission but never actually earned any money because he procured no contracts. By mid-1985 Herz had already become disillusioned about Time Energy and his lack of success there. He owned no property nor was he purchasing any.
 
 
 4
 First Interstate issued Herz a Visa and a Mastercard, each with a $2,000 limit. Herz immediately incurred charges of $7,200-$3,200 more than the combined limits on both cards. Herz made no payments on the cards and the bank cancelled them within two months of issuance. The bank was unable to collect the money Herz owed.
 
 
 5
 Herz was indicted for a violation of 18 U.S.C. § 1014 and tried before a jury. He moved to exclude evidence that he had made charges on the credit cards and had made no payments. The district court denied this motion. Herz's attorney expressly declined to ask for a limiting instruction with respect to this evidence. The jury found Herz guilty as charged.
 
 DISCUSSION
 A. Evidence of Unpaid Credit Card Charges
 
 6
 Herz claims that evidence of his unpaid charges should have been excluded under Rule 404(b) of the Federal Rules of Evidence. We have held that "[e]vidence should not be treated as 'other crimes' evidence when 'the evidence concerning the ['other'] act and the evidence concerning the crime charged are inextricably intertwined.' " United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987) (quoting United States v. Aleman, 592 F.2d 881, 885 (5th Cir.1979)). Herz's unpaid credit card charges appear to be inextricably entwined with his false statements to the bank as part of a single scheme to defraud. Hence evidence of these charges was not "bad act" evidence within the meaning of Rule 404(b). See United States v. Ramirez-Jiminez, No. 91-50211, slip op. 6901, 6911 (9th Cir. June 22, 1992) (defendant's false statements to arresting officers were not "bad act" evidence). As we said in Soliman, " '[t]he policies underlying the rule are simply inapplicable when some offenses committed in a single criminal episode become 'other acts' because the defendant is indicted for less than all of his actions.' " 813 F.2d at 279 (quoting Aleman, 592 F.2d at 885).
 
 
 7
 If evidence of Herz's unpaid charges were within the scope of Rule 404(b), the evidence is admissible under that rule. "Evidence of other crimes or acts is admissible under Rule 404(b) 'except where it tends to prove only criminal disposition.' " United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991) (quoting United States v. Sangrey, 586 F.2d 1312, 1314 (9th Cir.1978)). Evidence of the unpaid charges was material to Herz's knowledge and intent when he applied for the cards; Herz's attorney argued to the jury that Herz did not intend to make false statements and did not really know that the statements were false. There was sufficient evidence to prove the acts and they were close in time to the false application. Furthermore, Herz's fraudulent use of the credit cards closely resembles the crime he was charged with. See Ayers, 924 F.2d at 1473. Herz, who was earning no income from his job with Time Energy Corporation, made purchases and obtained cash advances totalling $7,200 as soon as his false application put the credit cards in his hand. Herz never paid these charges. It is apparent that this was a scheme to defraud made possible by Herz's violation of 18 U.S.C. § 1014.
 
 B. Limiting Instruction
 
 8
 Herz's trial counsel explicitly decided not to offer an instruction on the limited purpose of the "bad act" evidence. Herz contends on appeal that the district court should have given such an instruction sua sponte. That claim has no merit. "It is well-settled that where no limiting instruction is requested concerning evidence of other criminal acts, the failure of the trial court to give such an instruction sua sponte is not reversible error." United States v. Multi-Management, Inc., 743 F.2d 1359, 1364 (9th Cir.1984).
 
 
 9
 C. Definition of "Knowingly"
 
 
 10
 Herz claims that the district court erroneously instructed the jury that "an act is done knowingly if the defendant was in fact and does act through ignorance, mistake, or accident...." This argument is based upon a mistake in the trial transcript. On November 15, 1991, the district court ordered the transcript to be corrected to reflect the instruction actually given, which stated that "[a]n act is done knowingly if the defendant was aware of the act and does not act through ignorance, mistake, or accident." The instruction was accurate.
 
 
 11
 AFFIRMED.
 
 O'SCANNLAIN, Circuit Judge, dissenting:
 
 12
 The majority holds that the district court did not err in allowing the introduction of post-application evidence showing that the appellant used his credit cards beyond their limits and subsequently defaulted on the payments. Because I conclude that the district court abused its discretion in admitting such evidence, and that the admission of the evidence was not harmless error, I would reverse and not reach the other issues.
 
 
 13
 The majority concludes that under United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987), and United States v. Ramirez-Jiminez, No. 91-50211, slip op. 6901, 6911 (9th Cir. June 22, 1992), the use of the cards beyond their limits and the subsequent nonpayment of the bills were not "other bad acts" under rule 404(b) because the acts were "inextricably entwined" with Herz's false statements on the application. I disagree. I am convinced that the subsequent use of the cards and the default were "other bad acts" that must be analyzed under Rule 404(b).
 
 
 14
 Comparing the facts of this case to those in Soliman and Ramirez-Jiminez is instructive. In Soliman, the defendant was indicted on mail fraud charges for activities engaged in while employed by an insurance company. The district court allowed the prosecution to introduce a chart summarizing the fraudulent activity, engaged in during the same period, of another employee whom the defendant directly supervised. Soliman, 813 F.2d at 278. The court found that the chart was not evidence of other bad acts under Fed.R.Evid. 404(b) because "to prove the mail fraud counts, the government had to show the existence of a scheme of mail fraud activity and Soliman's connection to that scheme." Id. at 279. The acts of the employee whom Soliman directly supervised were allegedly all part of the larger scheme for which Soliman was being prosecuted. Id. To prove the scheme existed, the evidence of the other acts had to be introduced. The evidence was directly probative of a material issue in the case.
 
 
 15
 In Ramirez-Jiminez, the defendant was convicted of transporting undocumented aliens across the Mexico-U.S. border. When the truck in which he was transporting the aliens was stopped, Ramirez gave the police officer a false name and falsely claimed that he was a United States citizen. The district court allowed the introduction of the false statements, and the Ninth Circuit affirmed. The Ninth Circuit found that the statements were not "other bad acts" under Rule 404(b) because they were made "during and in furtherance of the crimes for which appellant was indicted" and were "probative of his consciousness that his conduct was illegal." Ramirez-Jiminez, slip. op. at 6911, 6912.
 
 
 16
 In contrast, here the subsequent bad acts can be easily separated from those that constitute the allegedly criminal behavior under section 1041. To convict Herz under section 1041, the government did not have to show that Herz used the credit cards fraudulently. The violation of section 1041 is complete once the false statements are knowingly made. A defendant can be convicted of violating section 1041 even if he or she never obtained any credit cards as a result of the false statements or never exceeded his or her limit and paid all of his or her bills on time and in full. The defendant's behavior after obtaining the credit cards is conceptually and temporally distinct from any falsehoods made in the application and thus the acts should not be seen as inextricably entwined.
 
 
 17
 The majority concludes that even if evidence concerning the use of the cards and nonpayment of the bills were evidence of "other bad acts," the evidence would be admissible because it was admitted, not to prove criminal disposition, but to show that Herz had "knowledge and intent when he applied for the cards."[1]
 
 
 18
 I cannot concur in the majority's reasoning on this point. For evidence of prior or subsequent bad acts to be admissible under Rule 404(b), the evidence must be probative of a material element of the crime. United States v. Houser, 929 F.2d 1369, 1373 (9th Cir.1990); United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989). Intent is not an element of a section 1014 violation; thus the mere statement that the evidence tends to show intent does not advance the analysis. While knowledge is an element, the majority's discussion of how the evidence tends to show knowledge is conclusory. I do not agree that the evidence tends to show anything about Herz's state of mind at the time he made the statement on the application.
 
 
 19
 Admitting the evidence was not harmless error. The erroneous admission of evidence under 404(b) is harmless if "it is more probable than not that the erroneous admission of the evidence did not affect the jury's verdict." United States v. Brown, 880 F.2d 1012, 1016 (9th Cir.1989). The evidence was highly prejudicial and likely to confuse the jury. I cannot conclude that it is more probable than not that the evidence did not affect the jury's verdict.
 
 
 20
 Thus, I respectfully dissent.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The majority also concludes that the statements are admissible because the "fraudulent use of the credit cards closely resembles the crime [Herz] is charged with." I respectfully disagree with this assertion. The nonpayment of credit card bills does not resemble lying on an application. Indeed, if nonpayment of bills were criminal conduct, why wasn't Herz indicted for it? If nonpayment of the bills were "a scheme to defraud," why was Herz not indicted for it?
 Moreover, a bad act is not admissible merely because it resembles the crime with which a defendant is charged. The resemblance between two bad acts is only relevant when the resemblance is probative of some material issue in the case; for example, when identity is at issue, evidence that tends to show modus operandi is admissible. In that case, it would be necessary to show that the acts resemble one another. There is no such issue in this case.