5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul KLOEPPEL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan Andre LA POLICE, Defendant-Appellant.
 Nos. 92-10427, 92-10416.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1993.
Decided Aug. 18, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CR-91-00136-EHC, Earl H. Carroll, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before: WALLACE, Chief Judge, and D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Kloeppel and LaPolice appeal from their convictions of conspiracy and wire fraud under 18 U.S.C. Secs. 371, 1342, 1343. The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 Kloeppel and LaPolice each argue that the court abused its discretion by denying their motions for mistrial because of extrajudicial contact between a government witness and members of the jury. We review this question for abuse of discretion. United States v. Crisco, 725 F.2d 1228, 1233 (9th Cir.), cert. denied, 466 U.S. 977 (1984).
 
 
 3
 Kloeppel and LaPolice rely on Remmer v. United States, 347 U.S. 227, 229 (1954), for their argument that the government has failed to rebut a presumption of prejudice arising from the extrajudicial contact. However, Remmer stands only for the unremarkable premise that contact or communication with a juror "about the matter pending before the jury is ... deemed presumptively prejudicial." Id. But if, as in this case, the contact or communication does not relate to a "matter pending before the jury," Kloeppel and LaPolice must bear the burden of proving actual prejudice. United States v. Madrid, 842 F.2d 1090, 1093 (9th Cir.), cert. denied, 488 U.S. 912 (1988). The district court's finding of no actual prejudice is entitled to a presumption of correctness. Id. As that presumption has not been rebutted, we conclude that the district court did not abuse its discretion by denying the motion for a mistrial.
 
 
 4
 LaPolice further contends that the extrajudicial contact was prosecutorial misconduct that required a mistrial. This presents a mixed question of fact and law that we review de novo. United States v. Spillone, 879 F.2d 514, 520 (9th Cir.1989), cert. denied, 498 U.S. 864, and cert. denied, 498 U.S. 878 (1990). Assuming arguendo that witness misconduct can be attributed to the prosecution, an assertion for which we find no support, reversal is required only if it is more probable than not that the misconduct materially affected the fairness of the trial. United States v. Polizzi, 801 F.2d 1543, 1558 (9th Cir.1986). Because we have already determined that no actual prejudice occurred, this argument must fail.
 
 
 5
 Kloeppel argues that the district court should have declared a mistrial in his case to avoid any spill over effect from the impeachment of LaPolice's witness. We review this question for abuse of discretion. United States v. Joetzki, 952 F.2d 1090, 1094 (9th Cir.1991). Kloeppel bears the burden of demonstrating that he was denied a fair trial; he must show that "clear, manifest, or undue prejudice resulted from [the] joint trial" and that the limiting instructions given by the district court were insufficient. Id. This burden has not been met; therefore, we conclude that the district court did not abuse its discretion.
 
 
 6
 LaPolice argues that he was denied a fair trial because the government was allowed to present tape recordings containing evidence of "other crimes" in violation of Federal Rule of Evidence 404(b). We review de novo the question of whether the tape recordings were "other crimes" evidence for purposes of Rule 404(b). United States v. Soliman, 813 F.2d 277, 278 (9th Cir.1987). We conclude that tape recordings contained evidence that was "inextricably intertwined" with evidence of the charged crimes; therefore, it should not be treated as "other crimes" evidence and does not offend Rule 404(b). Id. at 279. No reason for reversal has been demonstrated.
 
 
 7
 Next, LaPolice argues that his right of confrontation was violated when the district court admitted two appraisal reports without producing the expert who prepared them. We review this evidentiary ruling for abuse of discretion. United States v. Lee, 846 F.2d 531, 536 (9th Cir.1988). We conclude that LaPolice opened the door for the admission of these records by creating a false impression about the value of the property appraised in the reports. Once the door was opened, the government was entitled to introduce the reports to correct the false impression. United States v. Segal, 833 F.2d 144, 148 (9th Cir.1987). Thus, the district court did not abuse its discretion by admitting the reports into evidence.
 
 
 8
 Finally, LaPolice argues that the cumulative effect of the alleged errors deprived him of a fair trial. Because we have found no error, this argument is not addressed.
 
 
 9
 AFFIRMED.