133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony BUCK, Defendant-Appellant.
 No. 96-10569.
 United States Court of Appeals, Ninth Circuit.
 Dec. 17, 1997.
 
 Before: HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Tony Buck ("Buck") appeals from his conviction on six courts including Assault with Intent to Steal Property of the United States, in violation of 18 U.S.C. § 2114(a), Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1) & (2), and Attempted Murder of a Postal Employee, in violation of 18 U.S.C. § 1114, stemming from two postal carrier robberies on September 12, 1995, and September 19, 1995. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Buck first contends that the district court under Rule 404(b) impermissibly admitted as "other crimes" evidence Buck's statement "that they used to do it all the time in California" in reference to postal carrier robberies. We disagree.
 
 
 4
 Whether evidence is other crimes evidence within the meaning of Rule 404(b) is a question of law we review de novo. United States v. Soliman, 813 F.2d 277, 278 (9th Cir.1987). Evidence is not other crimes evidence subject to Rule 404(b) when "the evidence concerning the ['other'] act and the evidence concerning the crime charged are inextricably intertwined." Id. at 279 (citation omitted).
 
 
 5
 We hold that Buck's statement about his prior criminal activity in California was "inextricably intertwined" with the charged crimes. Buck made the statement "that they used to do it all the time in California" during a conversation with codefendant Albert Times about their mutual need for money. This statement was immediately followed by a discussion about the possibility of robbing a postal carrier and eventually two actual robberies. This statement was particularly linked to the planning stages of the September 19th postal carrier robbery committed by Buck and Times--Buck's statement helped persuade Times that he had experience in committing this crime and that it was not a difficult crime to commit. Therefore, it is not other crimes evidence subject to Rule 404(b), but direct evidence properly admitted.
 
 
 6
 Even if the statement were inadmissible other crimes evidence under Rule 404(b), to admit it would have been harmless error. "Errors which do not rise to constitutional dimensions ... are not harmless unless it is more probable than not that the erroneous admission of the evidence did not affect the jury's verdict." United States v. Hill, 953 F.2d 452, 458 (9th Cir.1991). In this case, the evidence against Buck was considerable: Times testified that he drove the getaway car for Buck and that Buck admitted to shooting the mailman on September 19th; witnesses Araiza and Damwijk selected Buck's photo from a lineup and identified him in court as one of the men they saw in the vicinity of the robbery; Schuh testified that Buck admitted to her his participation in the robbery; and the victim of the attempted murder identified Buck in court as the man who shot him. In light of the extensive evidence against Buck, it is more probable than not that the admission of his statement did not affect the jury's verdict and is therefore harmless error.
 
 II
 
 7
 Buck next contends that the district court violated his Sixth Amendment right to cross-examine adverse witnesses by prohibiting Buck from cross-examining cooperating codefendant Albert Times about Times' prior convictions. A court's decision to limit cross-examination of a witness is reviewed for an abuse of discretion, "considering whether the 'jury is otherwise in possession of sufficient information upon which to make a discriminating appraisal of the subject matter at issue.' " United States v. Brown, 936 F.2d 1042, 1048-49 (9th Cir.1991) (citation omitted). "The right to cross-examine adverse witnesses, stemming from the confrontation clause, is 'especially important with respect to accomplices or other witnesses who may have substantial reason to cooperate with the government.' " United States v. Mayans, 17 F.3d 1174, 1184 (9th Cir.1994) (quoting United States v. Onori, 535 F.2d 938, 945 (5th Cir.1976)).
 
 
 8
 The district court in no way abused its discretion in forbidding Buck from eliciting, for a second time, Times' admission to the 1988 conviction. Both parties were given the opportunity to ask Times about the conviction. Times admitted to the conviction both on direct and on cross-examination. Furthermore, Buck was in no way limited in his development of this testimony when he first asked about the 1988 conviction. The only limitation placed on Buck was that he could not repeatedly ask Times the same question. The jury certainly had enough information about the 1988 conviction from the questions on direct and cross-examination to make an appraisal of Times' character.
 
 III
 
 9
 Finally, Buck contends that the district court erred under Rule 403 by prohibiting Buck from cross-examining government witness Schuh about her boyfriend's incarceration for a homicide he alleges Buck committed. Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403. "The trial court does not abuse its discretion [by limiting cross-examination] as long as the jury receives sufficient information to appraise the biases and motivations of the witness." United States v. Guthrie, 931 F.2d 564, 563 (9th Cir.1991).
 
 
 10
 Buck was given ample opportunity to cross-examine Schuh. She testified on cross-examination that she had been involved with Dansby and that Dansby was in custody for a "crime" he claimed Buck committed. Additionally, she admitted that there was animosity between Buck and Dansby. The court only limited Schuh's cross-examination as to the details of the "crime," a homicide, finding that a discussion of the uncharged homicide was substantially more prejudicial than probative under Rule 403 because it would confuse and mislead the jury. Despite this limitation, Buck was allowed sufficient latitude to elicit the conflict, between Buck and Dansby, as well as Schuh's potential motive to lie, without mentioning the homicide. Therefore, Schuh's testimony provided the jury with sufficient information to appraise her biases and motivations.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3