UNITED STATES of America,
Plaintiff–Appellee,

v.

Dewayne ASKINS, Defendant–
Appellant.

No. 03–10095.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided Aug. 6, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Joan G. Ruffenach, AUSA, James L. Burke, AUSA, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff-Appellee.

Tonya McMath, Phoenix, AZ, for Defendant-Appellant.

Before: FERNANDEZ, PAEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

DeWayne Askins appeals his conviction and sentence for possession with intent to distribute cocaine base. 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). We affirm in part and dismiss in part.

■ (1) Askins first claims that admission of an informant-witness' statement that he contacted Askins because Askins had been involved in criminal activity requires reversal of his conviction. Askins asserts that was other act evidence covered by Fed.R.Evid. 404(b). We do not agree. The passing allusions were part of the background, which explained why Askins was approached in the first place. See United States v. Beckman, 298 F.3d 788, 793—94 (9th Cir.2002); United States v. Vizcarra–Martinez, 66 F.3d 1006, 1012—13 (9th Cir.1995); United States v. Ramirez–Jiminez, 967 F.2d 1321, 1327 (9th Cir.1992); United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987); see also United States v. Miller, 327 F.3d 598, 603 (7th Cir.2003); United States v. Richardson, 764 F.2d 1514, 1521—22 (11th Cir. 1985). We do recognize that some caution should be used in this area and that the government could have presented its case without those allusions. See United States v. Hill, 953 F.2d 452, 457 n. 1 (9th Cir. 1991). However, the overwhelming nature of the government's evidence demonstrates that if there was any error in those passing references, it was harmless. See United States v. Chase, 340 F.3d 978, 993 (9th Cir.2003) (en banc); Beckman, 298 F.3d at 793.

■ (2) Askins next claims that a reversal is required because the government improperly vouched for the informant when a government witness twice referred to him as a confidential reliable informant. No objection was made, so we review for plain error. See United States v. Olano, 507 U.S. 725, 731—37, 113 S.Ct. 1770, 1776—79, 123 L.Ed.2d 508 (1993); United States v. Perez, 116 F.3d 840, 846 (9th Cir.1997) (en banc). However, as we see it, use of the word "reliable" was simply part of designating the person's status as a police informant, rather than a police officer, and there are no substantial indicia of vouching. That is, the usage did not evince an attempt to invade the jury's province regarding credibility or to place the weight of the government behind the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

informant's credibility. *See United States v. Sanchez–Lima,* 161 F.3d 545, 548 (9th Cir.1998); *United States v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir.1993); *cf. United States v. Geston,* 299 F.3d 1130, 1136 (9th Cir.2002).

■ At any rate, even if there were some error, it was far from plain and, on this record, surely did not affect Askins' substantial rights or seriously affect the fairness, integrity or repute of the judicial proceedings. *See Perez,* 116 F.3d at 847—48; *Necoechea,* 986 F.2d at 1276, 1280—81.

■ (3) Finally, Askins asks us to vacate his sentence because, he asserts, the district court erred when it failed to grant him a downward departure. But the district court clearly recognized its discretion to depart and, certainly, said nothing to suggest that it did not have that discretion. Rather, it exercised it. Thus, we lack jurisdiction. *See United States v. Govan,* 152 F.3d 1088, 1095 (9th Cir.1998); *United States v. Garcia–Garcia,* 927 F.2d 489, 491 (9th Cir.1991). To the extent that Askins claims that the district court did not say it could exercise, or was exercising, its discretion under USSG § 4A1.3 [1] rather than under USSG § 5K2.0, we note that silence is not determinative.[2] *See Garcia–Garcia,* 927 F.2d at 491. Moreover, the district court's statements about its exercise of discretion applied equally to both Guideline sections. *See United States v. Benitez–Perez,* 367 F.3d 1200, 1205—06 (9th Cir.2004).

AFFIRMED as to the conviction; DISMISSED as to the departure claim.

---

**1.** All references are to the November 1, 2002, version of the Guidelines.

**2.** Incidentally, Askins made no such claim at the district court, and, indeed, at his sentencing hearing he suggested that only § 5K2.0 needed to be considered.