UNITED STATES of America,
Plaintiff—Appellee,

v.

Marvin Edward FONTENETTE,
Jr., Defendant—Appellant.

No. 04–30260.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2005.*

Decided July 14, 2005.

Stephan A. Collins, Esq., USAK—Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

John C. Pharr, Esq., Law Offices of John C. Pharr, Anchorage, AK, for Defendant–Appellant.

Before: GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Marvin E. Fontenette, Jr., appeals his conviction after a jury trial for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Fontenette brings two related challenges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Fontenette's first challenge is primarily brought under Federal Rule of Evidence 403, but the premise of his argument is that evidence of an assault that he allegedly committed while in possession of the firearm in question is "other act" evidence subject to the restrictions of Federal Rule of Evidence 404(b). We review the district court's decisions regarding admissibility for an abuse of discretion, but we review *de novo* the legal question of whether evidence is within the scope of Rule 404(b). *United States v. Williams,* 291 F.3d 1180, 1189 (9th Cir.2002) (per curiam). We conclude that the evidence of the alleged assault was not "other act" evidence within the scope of Rule 404(b) because the assault was inextricably intertwined with Fontenette's possession of the firearm. *United States v. Daly,* 974 F.2d 1215, 1217 (9th Cir.1992) (per curiam). Although the assault was not necessary to prove Fontenette's possession of the firearm, the assault and the possession were part of the same criminal episode, and it appears from the original language of the indictment and the evidence presented at trial that the possession charge was predicated primarily, if not entirely, on Fontenette's use of the firearm in the course of the assault. *See Williams,* 291 F.3d at 1189; *United States v. Soliman,* 813 F.2d 277, 279 (9th Cir.1987). The assault evidence also allowed the Government to present a coherent and comprehensible story. *Williams,* 291 F.3d at 1189. Evidence of the assault generally provided the context for the possession, the details of the assault specifically linked Fontenette to the firearm, and further evidence served to rebut Fontenette's alternative version of the events and corroborate the testimony of the Government's witnesses. *See id.* at 1189–90; *Daly,* 974 F.2d at 1217. Once again, we decline to force the Government "to prov[e] in a vacuum the offense of possession of a firearm by a felon." *Daly,* 974 F.2d at 1217.

■ For these same reasons, we further conclude that the body of assault evidence admitted was not *needlessly* cumulative. Fed.R.Evid. 403; *see United States v. Skillman,* 922 F.2d 1370, 1374 (9th Cir. 1990). Moreover, the record indicates that the district court conducted a proper balancing inquiry for each item of evidence admitted at trial, *see Daly,* 974 F.2d at 1217, and the district court's pointed and repeated admonitions and instructions to the jury were sufficient to mitigate any unfair prejudice, *see Soliman,* 813 F.2d at 279. For each of the above reasons, we conclude that the district court's admission of the assault evidence as direct evidence of Fontenette's possession of the firearm was not an abuse of discretion.

Fontenette's second contention is that the district court committed reversible error in reading to the jury a passage from the indictment that referred to the alleged assault. The district court did admit on the record that the passage should have been stricken as surplusage. Nevertheless, even if the district court's mistake rose to the level of legal error, the error was harmless. We cannot say that the district court's reference to an assault in reading the indictment to the jury was unfairly prejudicial to Fontenette when we have already concluded that it was not unfairly prejudicial to present the same subject matter more extensively and in more graphic detail during the trial. Moreover, the district court's pointed *mea culpa* to the jury and its repeated admonitions and instructions regarding the narrow question presented and the limited relevance of the alleged assault sufficiently mitigated any possible prejudice. *Id.*

AFFIRMED.