**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenyon DEVERS, Defendant–
Appellant.**

No. 06–10719.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed March 13, 2008.

522

---

Nancy J. Koppe, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Marc Picker, Esq., Reno, NV, for Defendant–Appellant.

Before: THOMPSON, M. SMITH, Circuit Judges, and HAYES *, District Judge.

## MEMORANDUM **

Kevin Devers appeals his jury conviction of two counts of transportation of a minor for prostitution, in violation of 18 U.S.C. § 2423(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3741, and we affirm.

■ Devers contends the district court erred in admitting evidence that he smoked marijuana with TW, a minor, and expert testimony that pimps manipulate prostitutes by threatening their families.

Evidence of other unlawful conduct is admissible if it is "inextricably intertwined" with evidence concerning the crime charged. *United States v. Soliman,* 813 F.2d 277, 279 (9th Cir.1987). It may also satisfy the requirements of Fed. R.Evid. 404(b). We have explained that:

> Other acts evidence is admissible under Rule 404(b) if it (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged. The court must then assess the evidence under Fed.R.Evid. 403.

*United States v. Beckman,* 298 F.3d 788, 794 (9th Cir.2002).

Neither drug use nor violence towards prostitutes' families are elements in the case. *See United States v. Williams,* 291 F.3d 1180, 1189 (9th Cir.2002). They do not constitute part of the transaction that forms the basis for the criminal charge and are not necessary for a coherent story regarding the crime. *Id.* The government did not provide any evidence that Devers's drug use was a method of exerting dominion over TW or that Devers threatened TW's family. Accordingly, the district court erred when it admitted evidence that was neither "inextricably intertwined" with the criminal charge nor admissible under Rule 404(b) because it does not prove a material point in the case. *Beckman,* 298 F.3d at 794.

■ However, these errors were harmless because direct witness testimony and Devers's admissions provided strong, direct evidence that Devers committed the crimes charged. The district court also specifically instructed the jury that Devers

---

* The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was not on trial for any conduct or offense not charged in the indictment. In addition, the district court gave a limiting instruction regarding the proper use of the other crimes evidence. Given that a jury is presumed to follow its instructions, *see Zafiro v. United States,* 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993), any error in admitting the challenged evidence was harmless. *United States v. Derington,* 229 F.3d 1243, 1247 (9th Cir.2000).[1]

Devers also contends that the district court improperly denied him the opportunity to inform the jury adequately as to his theory of defense by refusing to give his proposed "innocent travel" instruction. We uphold the district court's formulation of an instruction if the jury instructions, taken as a whole, are not misleading or inadequate to guide the jury's deliberations. *United States v. Joetzki,* 952 F.2d 1090, 1095 (9th Cir.1991). Although the district court refused Devers's proposed instruction, the jury instructions clearly stated the law and adequately incorporated Devers's proposed "innocent travel" instruction. *United States v. Solomon,* 825 F.2d 1292, 1295 (9th Cir.1987). Accordingly, the district court did not err in refusing to give Devers's proposed instruction.

**AFFIRMED.**

---

1. Devers also argues that the district court erred in admitting evidence that: a) Devers was becoming a "gorilla pimp;" b) Devers regularly battered another prostitute; c) TW had a difficult upbringing; d) Devers had sexual intercourse with TW; and e) TW mentored another prostitute. Because these contentions were not raised in the district court, we review for plain error. *United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). For the reasons discussed above, including the strong, direct evidence supporting the crimes charged and the district court's limiting instructions, this evidence was not "highly prejudicial," *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and the district court did not commit plain error by admitting it.

