**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Matthew HATTABAUGH, Defendant—**
**Appellant.**

**No. 05–10549.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2008.

Filed Oct. 3, 2008.

Merry Jean Chan, Esquire, Hartley M.K. West, Esquire, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff-Appellee.

John J. Jordan, Esquire, San Francisco, CA, for Defendant–Appellant.

Matthew Hattabaugh, El Reno, OK, pro se.

Before: O'SCANNLAIN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Matthew L. Hattabaugh ("Hattabaugh") appeals his conviction by jury for twelve counts of wire fraud, in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the conviction.[1]

■ First, Hattabaugh contends that the government misused other acts evidence in an attempt to establish that he had a propensity to lie. Hattabaugh concedes that evidence of his Oklahoma real estate transaction during the course of the charged crimes was admissible under Federal Rule of Evidence Rule 404(b)[2] as evidence of his motive. Hattabaugh, however, argues that the district court erred in refusing his request for a specific limiting instruction regarding the other acts evidence.[3] We review whether contested evidence falls within the scope of Rule 404(b) under a de novo standard of review. *United States v. DeGeorge*, 380 F.3d 1203, 1219 (9th Cir.2004). We review a district court's decisions on limiting instructions for abuse of discretion. *United States v.*

*Beltran–Garcia*, 179 F.3d 1200, 1205 (9th Cir.1999). We may affirm the district court on any ground supported by the record. *United States v. Murphy*, 516 F.3d 1117, 1120 (9th Cir.2008).

The government argues that the evidence regarding Hattabaugh's real estate transaction was "inextricably intertwined" with the wire fraud charged and was therefore admissible regardless of Rule 404(b). We agree. "Evidence should not be treated as 'other crimes' evidence when 'the evidence concerning the ["other"] act and the evidence concerning the crime charged are inextricably intertwined.' " *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir.1987) (quoting *United States v. Aleman*, 592 F.2d 881, 885 (5th Cir.1979) (alteration in original)). "We have recognized two categories of evidence that may be considered 'inextricably intertwined' with a charged offense and therefore admitted without regard to Rule 404(b)." *DeGeorge*, 380 F.3d at 1220 (citing *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir.1995)). Evidence of other acts may be directly admitted if either (1) the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) the government finds it necessary in order "to offer a coherent and comprehensible story regarding the commission of the crime." *Id.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

2. Under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Here, there is no question that the real estate transaction evidence was admissible under Rule 404(b) to

demonstrate Hattabaugh's motive to commit the wire fraud with which he was charged.

3. When evidence is admitted for one purpose but is not admissible for another purpose, "the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." Fed.R.Evid. 105. Hattabaugh requested the district court to instruct the jury that "You have heard evidence of other acts engaged in by the defendant. You may only consider that evidence as it bears on the defendant's motive and for no other purpose."

Here, the evidence of Hattabaugh's real estate transaction fits both categories: (1) it was part of Hattabaugh's overall scheme to finance the purchase of the Oklahoma real estate using funds from the fraud scheme, and (2) it was necessary for the government to tell the story in order to show why Hattabaugh had a particular and pressing reason to commit the charged offenses. Because we conclude that the evidence regarding the real estate transaction was admissible as direct evidence, "inextricably intertwined" with Hattabaugh's fraud charges, no limiting instruction was required under Rule 105.

■ Even if the evidence in question was admissible only under Rule 404(b) to prove motive, the district court did not in the circumstances here abuse its discretion when it declined to give the requested limiting instruction. *See Soliman,* 813 F.2d at 279 (holding that the "giving of a limiting instruction is but one factor in deciding whether there has been an abuse of discretion" and an instruction that the defendant "is not on trial for any act or conduct not alleged in the indictment" when admitting "other crimes" evidence would not warrant a finding that the district court abused its discretion). Here, the district court's instructions to the jury accomplished the limiting effect. The district court instructed the jury that it was "only to determine whether [Hattabaugh was] guilty or not guilty of the charges in the indictment" and that Hattabaugh was "not on trial for any other conduct or offense not charged in the indictment." The jury was further instructed that it "should consider evidence as to the acts, statements, and intentions of others or evidence about other acts of the defendant[']s only as they relate to the charge[s] against the defendant." This constituted a limiting admonition such that the district court did not abuse its discretion.

Certainly, a more specific instruction could have been given, and it might have been better practice to do so, but any error was harmless. *United States v. Bradshaw,* 690 F.2d 704, 710 (9th Cir.1982) (noting that although a more carefully drafted instruction could have been given for the admitted Rule 404(b) evidence, the instruction that "[t]he defendant here is not on trial for any act or conduct not alleged in the indictment" did not amount to reversible error); *see also United States v. Frega,* 179 F.3d 793, 806 n. 16 (9th Cir.1999) ("Jury instructions, even if imperfect, are not a basis for overturning a conviction absent a showing that they prejudiced the defendant.").

Second, Hattabaugh contends that (1) the government improperly vouched for its witnesses in direct examination and in closing arguments, and (2) the government improperly attacked defense counsel and improperly portrayed Hattabaugh as a liar during closing arguments. When the defendant fails to object to the prosecutor's alleged vouching, we review for plain error. *United States v. Brooks,* 508 F.3d 1205, 1209 (9th Cir.2007). When there is no objection to alleged improper comments made during closing arguments, the plain error standard also applies. *United States v. Tam,* 240 F.3d 797, 802 (9th Cir.2001). Plain error is (1) an error, (2) that is plain, and (3) that affects substantial rights. *United States v. Dallman,* 533 F.3d 755, 761 (9th Cir.2008). "If these three conditions are met," reversal is proper only if, viewed in the context of the entire trial, the error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks and citations omitted).

"As a general rule, a prosecutor may not express his opinion of the defendant's guilt or his belief in the credibility of government witnesses." *United States*

*v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir.1993) (internal quotation marks and citation omitted). Improper vouching "consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." *Id.* We have recognized that prosecutors must be given "reasonable latitude" and "thus can argue reasonable inferences based on the evidence, including that one of the two sides is lying." *Id.* We conclude that the government's questioning during direct examination and the government's statements during closing arguments were within its permissible prosecutorial realm, and that there was no improper vouching or improper comments made during closing arguments that constituted plain error. Instead, the government had reasonable leeway to describe an inescapable conflict in the credibility of the witnesses.

**AFFIRMED.**