**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10231 |
| Plaintiff - Appellee, | D.C. No. 4:05-cr-01125-RCC-JJM |
| v. | |
| TAJMA DE MARCUS MURPHY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted November 3, 2009
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Tajma De Marcus Murphy appeals his conviction and sentence on charges of

importing cocaine. We affirm.

I

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Although the parties dispute whether Murphy preserved an objection to admissibility of prior-act evidence and thus whether our review is de novo or for abuse of discretion, we see no reversible error regardless of which standard is applied. In context, Murphy's statement to Agent Stevens that he had previously been recruited to drive loads across the border as well as to drive loads from Nogales and Rio Rico to Tucson helped explain how and why he became an informant. Murphy's position was that he made no such statement and the testimony was inadmissible because it was false; the jury disbelieved him. He did not otherwise argue that admitting the statement offended Rule 404(b) or Rule 403 and we cannot see how it plainly did. Nor did the district court err by failing to give a limiting instruction given the way the testimony unfolded. In any event, the court's general instructions admonished the jury that Murphy was on trial only for the crimes charged in the indictment, not for any other activities. *See United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987).

II

Murphy argues that the district court failed to recognize it had authority to consider substantial assistance and depart even in the absence of a motion pursuant to U.S.S.G. § 5K1.1. However, the issue was not so cleanly presented to the

district court. The court in fact gave a sentence that was lower than the guidelines range, and did so in part after looking at how Murphy got involved in the first place and considering that law enforcement asked him to do work. The government acknowledged Murphy's substantial assistance at sentencing. *Cf. United States v. Khoury*, 62 F.3d 1138, 1140 (9th Cir. 1995). To the extent Murphy claims that the government withheld its § 5K1.1 motion for improper reasons, there is no support for this in the record. *United States v. Murphy*, 65 F.3d 758, 762-63 (9th Cir. 1995).

AFFIRMED.