
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CURTIS T. HOLDEN, DBA Advanced Podiatry Specialists PS,<br><br>Defendant - Appellant. | No. 13-30308<br><br>D.C. No. 2:11-cr-02064-RHW-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted September 1, 2015
Seattle, Washington

Before: HAWKINS, GOULD, and IKUTA, Circuit Judges.

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant-Appellant Dr. Curtis Holden appeals from his jury conviction for thirty-two counts of health care fraud in violation of 18 U.S.C. § 1347. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Holden contends that: (1) the district court erred when it determined that evidence of Holden creating chart notes shortly before a state audit was "inextricably intertwined" with the alleged fraudulent health care scheme and not subject to the limitations of Federal Rule of Evidence 404(b) ("Rule 404(b)"); (2) the district court abused its discretion in admitting evidence of Holden's salary, in excluding evidence of a witness's prior sexual misconduct, in excluding testimony from Holden's treating physician, and in excluding a recorded conversation between Holden and another witness; (3) Holden was prejudiced when the government referred to a folder titled "Refunds Ha Ha Ha"; (4) the district court improperly lowered the *mens rea* requirement for health care fraud; (5) the district court erred by rejecting Holden's proffered good faith jury instruction; (6) the government improperly used civil standards to supply an element of Holden's criminal violations and criminal conduct; and (7) cumulative error requires reversal.

---

[1] We affirm Holden's remaining claims in a published opinion filed concurrently with this memorandum.

Evidentiary rulings, including whether to admit or deny evidence, are reviewed for abuse of discretion and the underlying factual determinations for clear error. *United States v. Lukashov*, 694 F.3d 1107, 1114 (9th Cir. 2012). When reviewing a district court's decision to admit "other acts" evidence under Rule 404(b), we review de novo whether the contested evidence falls within the scope of the rule, and if not, we review the admittance of such evidence for an abuse of discretion. *United States v. DeGeorge*, 380 F.3d 1203, 1219 (9th Cir. 2004). Finally, we review de novo whether a jury instruction "accurately describe[s] the elements of the charged crime," *United States v. Munguia*, 704 F.3d 596, 598 (9th Cir. 2012) (internal citation and quotation marks omitted), and review for abuse of discretion the district court's formulation of jury instructions, *United States v. Shipsey*, 363 F.3d 962, 967 n.3 (9th Cir. 2004).

The district court did not abuse its discretion by admitting evidence that Holden altered dates on service charts after he found out about the 2006 state audit. We need not determine whether the evidence was "inextricably intertwined" with the charged schemes because it was properly admitted under Rule 404(b)(2) as evidence of intent and knowledge of the overall scheme to defraud. Further, the district court did not abuse its discretion when it did not give a limiting instruction. *See United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987). When the district

court does not provide a limiting instruction, we determine whether there was an abuse of discretion by considering whether the evidence was "closely related to the crimes charged" and whether the jury was told that the defendant was only on trial for the conduct alleged in the indictment. *Id.* Here, the 2006 state audit evidence is closely related to Holden's multiple schemes to defraud, and the district court reminded the jury that Holden was only on trial for the counts in the indictment.

Holden's five other evidentiary challenges are similarly without merit. First, the district court did not abuse its discretion by admitting into evidence Holden's salary and business draws. We have no firm rule against admitting such evidence when it qualifies under Federal Rule of Evidence 403 and here, the district court allowed the evidence as relevant to motive, not as general evidence of Holden's wealth. *See United States v. Reyes*, 660 F.3d 454, 463–64 (9th Cir. 2011). Moreover, the jury was properly instructed on the elements of health care fraud. *See id.* at 464. Second, the district court did not abuse its discretion by refusing to allow Holden's treating physician to testify as a lay witness. The court was reasonable in believing that testimony regarding medications and their effect on Holden's mental capacity would be based on scientific knowledge outside the scope of Federal Rule of Evidence Rule 701.

Third, the district court properly excluded evidence of Dr. Morton's alleged sexual misconduct because it was not offered for any probative basis. *See United States v. Collins*, 90 F.3d 1420, 1429 (9th Cir. 1996). Fourth, the taped conversation between Holden and Dr. Lee was properly excluded. The statements were not "prior consistent statements" because they were made after Holden knew about the investigation and had a motive to testify falsely, Fed. R. Evid. 801(d)(1)(B), and the statements were not "present sense impressions" because they did not describe or explain an event Holden was currently perceiving, Fed. R. Evid. 803(1). Finally, a new trial is not warranted because the government referred to a folder titled "Refunds Ha Ha Ha" in its opening statement. *See United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1030 (9th Cir. 2009). The government did not mention the title again throughout trial.

The district court also did not err or abuse its discretion in its jury instructions. Even though Holden argues that the district court erred by erroneously lowering the *mens rea* standard required for health care fraud, his arguments are precluded by *United States v. Dearing*, 504 F.3d 897 (9th Cir. 2007). *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011), which addressed the mens rea of willful blindness, is not to the contrary. Further, the

5

district court was not required to give Holden's proposed, more extensive good faith jury instruction. *See Shipsey*, 363 F.3d at 967.

Finally, though Holden contends that the government impermissibly confused civil and criminal standards in presenting its case against him, he does not point to any civil statute which provided an element of his convictions. Because there was no constitutional error, his cumulative error claim also necessarily fails. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002).

**AFFIRMED**.