UNITED STATES of America,
Plaintiff—Appellee,

v.

Kelli DAVIS, akas Kelli Anne
Peterson; et al., Defendant—
Appellant.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

United States of America,
Plaintiff—Appellant,

v.

Kelli Davis, akas Kelli Anne Peterson;
et al., Defendant—Appellee.

Nos. 04–50477, 04–50537.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2006.

Decided March 21, 2006.

Becky S. Walker, Esq., Christine M. Adams, Esq., Stephanie Y. McCaffrey, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Mark M. Kassabian, Esq., George W. Buehler, Esq., Mark J. Geragos, Esq., Geragos & Geragos, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, W.
FLETCHER, and BYBEE, Circuit
Judges.

MEMORANDUM *

Kelli Davis, aka Kelli Anne Peterson ("Peterson"), appeals her convictions following a jury trial for six counts of wire fraud under 18 U.S.C. § 1343. The government cross-appeals Peterson's sentence of six-months' imprisonment. The facts and procedural history are known to the parties and we do not recount them here.

■ First, the evidence introduced at trial was sufficient to support Peterson's conviction. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Based on her experience in the real estate industry and the underlying scheme itself, *see United States v. Serang*, 156 F.3d 910, 914 (9th Cir.1998); *United States v. Hubbard*, 96 F.3d 1223, 1230 (9th Cir.1996), a reasonable trier of fact could conclude beyond a reasonable doubt that Peterson knew or should reasonably have foreseen the use of a wire transmission in the ordinary course of business. *See Pereira v. United States*, 347 U.S. 1, 8–9, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

■ Second, the district court did not abuse its discretion in admitting into evidence the Department of Housing and Urban Development's ("HUD") limited denial of participation letters. *See United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir. 2001). In the circumstances of this case, the letters were probative whether Peterson's failure to respond indicated that she

knew the content of the letters to be true. The court did not abuse its discretion by admitting the letters as an adoptive admission. *See United States v. Henke*, 222 F.3d 633, 642 (9th Cir.2000); *United States v. Schaff*, 948 F.2d 501, 505 (9th Cir.1991). Although the government did not introduce evidence of the exact financial impact to Peterson from the loss of HUD loans, there were "sufficient foundational facts … for the jury reasonably to conclude that the defendant did actually hear, understand and accede to the statement." *United States v. Sears*, 663 F.2d 896, 904 (9th Cir.1981). Moreover, any prejudice was cured by the district court's limiting jury instruction. *See United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004).

■ Third, the district court did not abuse its discretion in admitting into evidence other foreclosed loans involving Peterson. The loans can be considered inextricably intertwined with an ongoing scheme to defraud HUD and do not constitute "other acts" evidence under Fed. R.Evid. 404(b). *See United States v. Sayakhom*, 186 F.3d 928, 937–38 (9th Cir. 1999); *United States v. Mundi*, 892 F.2d 817, 820 (9th Cir.1989); *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir.1987) ("To prove the mail fraud counts, the Government had to show the existence of a scheme of mail fraud activity and Soliman's connection to that scheme."). We reject Peterson's argument that the indictment needed to include the other loans. *See Soliman*, 813 F.2d at 279. Moreover, the government satisfied its Federal Rule of Evidence 404(b) obligation to notify Peterson of its intended use of the loans at trial in its March 3, 2003 discovery letter and production, which identified the loan

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

documents and made them available for Peterson's inspection.

Fourth, the district court did not abuse its discretion in admitting into evidence Peterson's IRS form 1040. The probative value of the form, suggesting profits and intent to defraud, *see United States v. Erickson,* 75 F.3d 470, 479 (9th Cir.1996); *Zamloch v. United States,* 193 F.2d 889, 892 (9th Cir.1952), was not substantially outweighed by any prejudicial effect. *See* Fed.R.Evid. 403.

Fifth, even assuming the district court abused its discretion by admitting part or all of the foregoing evidence, any error would not have affected the verdict. *See United States v. Pang,* 362 F.3d 1187, 1192 (9th Cir.2004). There was ample evidence from which a jury could determine the existence of a scheme to defraud and that Peterson knew or should reasonably have foreseen the use of a wire transmission to further that scheme.

Sixth, the prosecutor did not commit misconduct during closing arguments. *United States v. Tarallo,* 380 F.3d 1174, 1193 (9th Cir.2004), *amended on other grounds by* 413 F.3d 928 (9th Cir.2005). Moreover, the district court's instruction to the jury that arguments and statements of counsel are not evidence neutralized any potential harm. *See United States v. de Cruz,* 82 F.3d 856, 863 (9th Cir.1996).

Seventh, Peterson's due process argument is foreclosed by *United States v. Dupas,* 419 F.3d 916, 920–22 (9th Cir. 2005).

■ Finally, the district court committed error in applying the Guidelines and determining the appropriate Guidelines range. *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006). At a pre-sentencing hearing, the government argued that a 13–point enhancement should be applied for losses associated with 82 un-

charged loans that were allegedly part of the scheme. The district court concluded: "Under the Guidelines, the Court must apply this 13 point enhancement if it finds that Defendant's fraudulent acts in making 82 loans that were not charged in the indictment caused the loss to FHA. Clearly, the Court may not make such a finding under *Blakely* and *Ameline.*" *United States v. Davis,* 330 F.Supp.2d 1098, 1100 (C.D.Cal.2004). This conclusion is in error post-*United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because a judge may enhance a sentence based on judicial factfinding so long as it does not exceed the statutory maximum imposed solely on the basis of the facts reflected in the jury verdict or admitted by defendant. *See United States v. Fifield,* 432 F.3d 1056, 1066 (9th Cir.2005). The statutory maximum term of imprisonment for a conviction of wire fraud is twenty years. *See* 18 U.S.C. § 1343.

■ The district court's error was not harmless because it is not clear that the district court would have imposed the same sentence knowing that it could make such findings. *See Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). Prior to sentencing, the district court indicated it would impose an alternative sentence in the event that *Booker* struck down the Guidelines as unconstitutional. At one point during sentencing, the district court indicated it would impose the same sentence, but the subsequent colloquy with the prosecution over the possibility of an enhancement based on loss calculations demonstrated the court's confusion as to whether it could impose the same sentence. At another point, the district court stated that a six-month sentence was "more than justified." On this mixed record, we cannot state with certainty that the error was harmless.

When the district court imposes a sentence resulting from an incorrect application of the sentencing guidelines and the error is not harmless, we are required to remand the case for further sentencing proceedings under 18 U.S.C. § 3742(f)(1) and *Williams.*[1]

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.**

---

1. Although the presiding judge at sentencing, the Honorable William J. Rea, has sadly passed away since the time of appeal, we remand to the district court with instructions not inconsistent with this disposition or Federal Rule of Criminal Procedure 25(b).

