UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Anthony SMITH,
Defendant-Appellant.

No. 81–5420
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 16, 1982.

Arnold, Stratford & Booth, Lamar Win-egeart, III, Jacksonville, Fla., court appoint-ed, for defendant-appellant.

Gary L. Betz, U. S. Atty., Thomas E. Morris, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, AN-DERSON, Circuit Judge, and HOFFMAN *, District Judge.

* Honorable Walter E. Hoffman, U. S. District Judge for the Eastern District of Virginia, sit-ting by designation.

PER CURIAM:

Robert Anthony Smith was convicted of four counts of mail fraud in violation of Title 18, U.S.C. § 1341[1]. Each count arose from an alleged scheme of the defendant to defraud his insurance company by presenting a fraudulent claim for loss of personal property.

In April 1975, the defendant filed a property loss claim with Travelers Insurance Company, under his homeowner's policy. The policy provided $25,000 coverage. According to the defendant, he and two of his friends were moving all the defendant's property, in a U-Haul truck, from Orlando, Florida to Birmingham, Alabama, when the loss occurred. They stopped in Dothan, Alabama for a night and stayed in a motel, and the next morning the truck was missing. The empty truck was later found in the Dothan area.

The defendant contacted Travelers and first made an oral claim for the loss. Later he mailed to Travelers an itemized list of the items allegedly stolen and an executed proof-of-loss form. The defendant claimed that property worth more than $36,000 had been in the U-Haul truck and had been stolen.

During the course of its investigation, Travelers Insurance Company had the defendant examined under oath by an attorney as per the terms of the policy. At the examination the defendant made several statements which later proved to be false. Included were statements that:

(1) Smith had never before obtained personal property insurance or filed a claim for personal property loss;

(2) All the items on the itemized list Smith had provided Travelers were in the U-Haul truck at the time of the alleged theft;

(3) Smith and his wife lived at 4444 Rio Grande Avenue South, Apt. 942, Orlando, Florida, the address covered by the policy for the period in question; and

(4) Smith and his wife were the only residents of the covered apartment and no other persons had personal property there.

Subsequent to the examination, the defendant mailed to Travelers a request to expedite the processing of his claim, and later an offer to settle the claim for $24,000. The four contacts that Smith had with Travelers by mail gave rise to the four counts of mail fraud in the indictment.

At trial, the government offered evidence that many of the statements made by the defendant during the oral examination by Travelers were false and as such were probative of the defendant's scheme to defraud. Part of this evidence was that the defendant had filed three personal property loss claims in 1973 and 1974 with three different insurance companies. In connection with one of the prior claims, an itemized list of the property stolen, which was purported to be all of the defendant's possessions, was introduced. Some of the items which were the subject matter of this prior claim also appeared to be the subject matter of the present claim against Travelers. Each of these prior claims had been paid or settled.

The defendant objected to admitting evidence of the prior insurance claims on the ground that it would cause unfair prejudice

---

1. § 1341. Frauds and swindles

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

to the defendant. The court admitted the evidence, over the defendant's objections after giving limiting instructions to the jury.[2]

The defendant was convicted on all four counts of mail fraud and appeals the admission of evidence of the three prior insurance claims.

■ In order to prove mail fraud, under 18 U.S.C. § 1341, the government must show (1) a scheme to defraud (2) which involves the use of the mails (3) for the purpose of executing the scheme. *United States v. Freeman*, 619 F.2d 1112, 1117 (5th Cir. 1980), *cert. denied*, 450 U.S. 910, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981). The government argues that evidence of the prior insurance claims was admissible to demonstrate the existence of the fraudulent scheme; an essential element of the crime. The government attempted to prove the fraudulent scheme by showing that: (a) the defendant lied to the insurance company about several matters in order to deter the investigation and conceal the fraudulent nature of the claim; and (b) the defendant did not own a substantial part of the personal property he claimed was stolen. Proof of the prior insurance claims was necessary to establish these matters. When used for this purpose, the prior insurance claims were used to prove an essential element of the crime and as such the evidence is admissible. Proof of the prior insurance claims are not collateral when used to prove the defendants fraudulent scheme.[3] *See United States v. Aleman*, 592 F.2d 881, 884–85 (5th Cir. 1979); *United States v. Calvert*, 523 F.2d 895, 905–908 (8th Cir. 1975), *cert. denied*, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976).

The defendant argues, however, that the evidence should have been excluded under Rule 403 of the Federal Rules of Evidence.[4] The defendant asserts that because of the timing and similarity of the insurance claims, the jury would "unavoidably" infer that the defendant had a propensity to file specious insurance claims and consequently there is danger of unfair prejudice.

■ Rule 403 requires the exclusion of relevant evidence when its admission would create a danger of unfair prejudice. Evidence can also be excluded when its admission would mislead the jury, confuse the issues, or result in a waste of time or needless presentation of cumulative evidence. Fed.R.Evid. 403. "Unfair prejudice" means that there is an undue tendency for the decision to rest on an improper basis. Fed. R.Evid. 403, Advisory Committee Notes. To determine whether evidence should be excluded under Rule 403, the probative value of the evidence and the need for the evidence must be balanced against the harm likely to result from its admission.

2. The court gave limiting instructions regarding this evidence to the jury three times. The first two times the court instructed, *inter alia*:
   "Ladies and gentlemen, at this time I instruct you that the evidence that has been given by this witness is to be considered by you only as it relates to the issue of whether the defendant had claimed losses under an insurance policy at some time prior to the claim that is alleged in the indictment."
   The third time the court instructed:
   "All right. Again, ladies and gentlemen, with regard to the testimony and the evidence that has been produced by this witness regarding a previous claim by the defendant, there is no suggestion that there was any fraud involved in this claim, nor in the other two claims which have been so presented to you.
   "You may consider this evidence and the testimony only for the purpose of showing that the Defendant did make a claim under an insurance policy prior to the claim involved in this case."

3. Proof of the prior insurance claims could not be used, however, for the purpose of inferring that the claim made on Travelers was fraudulent merely because prior insurance claims had been made or that the claim against Travelers was fraudulent because the prior claims were fraudulent.

4. Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time
   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Id.* To exclude the evidence, however, the unfair prejudice must *substantially outweigh* the probative value of the evidence. Fed.R.Evid. 403. *See United States v. McRae,* 593 F.2d 700 (5th Cir.), *cert. denied,* 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979). *See also, United States v. Beechum,* 582 F.2d 898, 915 n.20 (5th Cir. 1978), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). The court should also consider the effect of a limiting instruction in offsetting any possible prejudice. Fed.R. Evid. 403, Advisory Committee Notes.

██ The evidence of the prior insurance claim was used by the government to prove an essential element of its case. As such the evidence was highly probative and not used merely for any possible prejudicial impact. The court also gave a limiting instruction restricting the use of the evidence and directing that there was *no suggestion of fraud* in the prior claims. Considering the purposes for which the evidence was used and the circumstances under which it was admitted, any possible prejudice did not outweigh the probative value of the evidence, nor was the evidence merely cumulative. The district court did not abuse its discretion in admitting into evidence proof of the prior insurance claims. *United States v. Jackson,* 576 F.2d 46, 49 (5th Cir. 1978); *United States v. Johnson,* 558 F.2d 744, 746–47 (5th Cir. 1977), *cert. denied,* 434 U.S. 1065, 98 S.Ct. 1241, 55 L.Ed.2d 766 (1978).

██ Having concluded that the evidence was relevant as to an essential element of the indictment and admissible, it is not necessary to consider whether the evidence was admissible as other crimes evidence under Rule 404(b) of the Federal Rules of Evidence.[5] *See United States v. Marino,* 617 F.2d 76, 82 (5th Cir.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). The evidence, however, was also admissible under Rule 404(b).

██ Rule 404(b) allows evidence of other crimes or acts to be admitted provided the evidence is *not* offered to show that a person acted in conformity with it and the evidence is admitted for some other proper purpose. In determining whether other acts evidence is admissible the two-step test established in *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), must be followed. First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. As part of this first step there must also be proof that the extrinsic event was in fact committed by the defendant, otherwise it will not be admissible. *Garcia v. Aetna Casualty and Surety Company,* 657 F.2d 652, 655 (5th Cir. 1981); *United States v. Beechum,* 582 F.2d at 912–13. Second, the evidence must possess probative value that it be not substantially outweighed by its undue prejudice and meet the other requirements of Rule 403.

The government argues that proof of the prior insurance claims was admissible to prove the defendant's knowledge and intent to defraud. Additionally, although proving the existence of a fraudulent scheme is not one of the purposes specifically enumerated by Rule 404(b), it does fit well within the limits set by the rule. Therefore, proof of the prior insurance claims was relevant to a proper issue and one other than the defendant's character.

Additionally, ample proof was presented that the prior insurance claims were made by the defendant. If the prior claims had been presented for any possible fraudulent nature, then the government would have had to put on sufficient evidence to prove the fraud and tie the defendant to the fraud. *See Garcia v. Aetna Casualty and Surety Company, supra.* But the prior

---

**5.** Rule 404. Character Evidence not Admissible to Prove Conduct; Exceptions; Other Crimes

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person

in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

claims were only admitted for the fact that they had been made and the details of the claims. The jury was instructed that no fraud was implied nor to be inferred.

Lastly, as already discussed, the probative value of the prior insurance claims is *not* substantially outweighed by any possible prejudice.

### CONCLUSION

The district court did not abuse its discretion in admitting evidence of prior insurance claims made by the defendant, as an essential element of the government's case. The district court's judgment is affirmed.

AFFIRMED.