**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellant*,

　　　　　v.

JOSEPH BRENT LOFTIS,
　　　　　*Defendant-Appellee.*

No. 15-30262

D.C. No.
2:15-cr-00011-DLC-1

OPINION

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted October 7, 2016
Seattle, Washington

Filed December 9, 2016

Before: William A. Fletcher, Raymond C. Fisher
and N. Randy Smith, Circuit Judges.

Opinion by Judge Fisher

## SUMMARY[*]

### Criminal Law

The panel affirmed the district court's order granting in part the defendant's motion in limine in a case in which the government has charged the defendant with five counts of wire fraud for victimizing investors through false representations about his oil business.

The five charged uses of the wires involve a total of three investors, and all involve the scheme as perpetrated in Montana. The government sought to introduce evidence of investor victims not specifically named in the indictment, additional uses of the wires and aspects of the scheme carried out in states other than Montana ("uncharged transactions").

The panel held that the uncharged transactions are part of the charged offense – the fraudulent scheme as a whole – not "other" crimes or "other" acts evidence; and that Fed. R. Evid. 404(b) thus does not preclude the government from introducing evidence of uncharged transactions to prove the first element of wire fraud – the existence of a scheme to defraud. The panel wrote that even if the uncharged transactions were not part of the crime charged, they would not be subject to exclusion under Rule 404(b) because they are "part of the same transaction" as the charged transactions, and that the inextricably-intertwined doctrine therefore affords a second basis for concluding the evidence should not

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

be treated as "other" crimes or "other" acts evidence under Rule 404(b).

The panel wrote that, notwithstanding some ambiguity in the district court's ruling, it does not construe the district court's ruling as contrary to the panel's holding.

## COUNSEL

Chad Spraker (argued), Assistant United States Attorney; Michael W. Cotter, United States Attorney; United States Attorney's Office, Helena, Montana; for Plaintiff-Appellant.

John Rhodes (argued), Assistant Federal Defender; Anthony R. Gallagher, Federal Defender; Office of the Federal Public Defender, Missoula, Montana; for Defendant-Appellee.

## OPINION

FISHER, Circuit Judge:

The defendant, Joseph Brent Loftis, has been charged with five counts of wire fraud. The government alleges Loftis victimized investors through false representations about his oil business. The indictment charges a broad scheme to defraud, spanning six years, several states and numerous alleged victims. Each of the five counts in the indictment pertains to a particular wire transfer in which a defrauded investor wired money to Loftis. These five uses of the wires ("charged transactions") involve a total of three investors, and all involve the scheme as perpetrated in a single state, Montana.

As the trial approached, it became clear the government intended to offer evidence of investor victims not specifically named in the indictment, additional uses of the wires and aspects of the scheme carried out in states other than Montana ("uncharged transactions"). Loftis moved in limine to exclude this evidence, arguing the district court should "limit the government's case to evidence regarding the [three] named investors and alleged criminal activity involving Montana." He sought to bar the government from calling "witnesses other than [the three investors] from wh[om] the wired funds were received in the criminal cou[n]ts."

The district court granted the motion in part, suggesting the evidence the government sought to introduce pertained to "other wire frauds" that would be subject to exclusion under Federal Rule of Evidence 404(b) unless the government could show the evidence was either "inextricably intertwined with the scheme Loftis employed in Montana" or admissible for one of the purposes authorized by Rule 404(b) itself. The government has appealed the court's order, and the district court has stayed proceedings pending disposition of this interlocutory appeal.

We have jurisdiction under 18 U.S.C. § 3731, *see United States v. DeCinces*, 808 F.3d 785, 789-90 (9th Cir. 2015), and we affirm the district court's order. We hold the evidence of *uncharged transactions* is not evidence of "other" crimes or acts under Rule 404(b), because it is evidence of part of the *crime charged* in the indictment – the overall scheme to defraud.[1]

---

[1] "We review admission of 'other crimes' evidence for abuse of discretion; however, whether the evidence is indeed other crimes evidence

I

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Rule 404(b) applies solely to evidence of "other" acts, not to evidence of the very acts charged as crimes in the indictment. As a leading treatise explains, "[o]ne of the key words in determining the scope of Rule 404(b) is 'other'; only crimes, wrongs, or acts 'other' than those at issue under the pleadings are made inadmissible under the general rule." 22B Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5239 (1st ed. 2016). For example:

> In cases where the incident offered is a part of the conspiracy alleged in the indictment, the evidence is admissible under Rule 404(b) because it is not an "other" crime. The evidence is offered as direct evidence of the fact in issue, not as circumstantial evidence requiring an inference as to the character of the accused. Such proof can be quite time-consuming and it may be extremely prejudicial to the defendant but the court would have no discretion to exclude it

we review *de novo*." *United States v. Parks*, 285 F.3d 1133, 1141 (9th Cir. 2002).

> [under Rule 404(b)] because it is proof of the
> ultimate issue in the case. To the extent that
> these consequences may seem unfair, this is
> attributable to the nature of the conspiracy
> charge, not to any defect in the other crimes
> rule.

*Id.* (footnotes omitted); *see, e.g.*, *United States v. Ripinsky*, 109 F.3d 1436, 1442 (9th Cir. 1997) (holding evidence in question "was not evidence of 'other crimes' under Rule 404(b)" where it was "direct evidence of the ongoing conspiracy charged in the indictment"), *overruled on other grounds by United States v. Sablan*, 114 F.3d 913, 916 (9th Cir. 1997) (en banc).

This principle applies not only to charges of conspiracy but also to any prosecution in which the "other" crime in question is in fact "an element of the crime charged." Graham, *Federal Practice and Procedure*, *supra*, § 5239. In *United States v. Smith*, 685 F.2d 1293, 1294 (11th Cir. 1982), for example, the defendant was charged with four counts of mail fraud, each arising from an alleged scheme of the defendant to defraud his insurance company by presenting fraudulent claims.[2] At trial, the government introduced evidence of three previous fraudulent insurance claims, none of which was alleged in the indictment. *See id.* Although the previous claims were uncharged transactions in the sense that they were not charged as specific executions of the scheme, the Eleventh Circuit held evidence of those transactions was

---

[2] "It is well settled that cases construing the mail fraud and wire fraud statutes are applicable to either." *United States v. Green*, 592 F.3d 1057, 1063 n.3 (9th Cir. 2010) (quoting *United States v. Shipsey*, 363 F.3d 962, 971 n.10 (9th Cir. 2004)).

admissible, without going through Rule 404(b), "to demonstrate the existence of the fraudulent scheme; an essential element of the crime." *Id.* at 1295. It was "not necessary to consider whether the evidence was admissible as other crimes evidence under Rule 404(b)." *Id.* at 1296.

Similarly, in *United States v. Swinton*, 75 F.3d 374, 376 (8th Cir. 1996), the defendant was charged with seven counts of bank fraud. Each count involved a residential loan transaction on a particular property. *See id.* at 376–77. At trial, the government introduced evidence concerning additional property transactions in which the defendant was involved but for which he was not specifically charged. *See id.* at 377. The government argued "the evidence concerning the other uncharged transactions went directly to an element of the crime – the existence of a scheme or artifice" – and thus was not subject to Rule 404(b). *Id.* at 378. The Eighth Circuit agreed, holding "[s]uch evidence did not concern 'other acts' but rather acts belonging to the charged scheme." *Id.* at 379. The evidence did not "implicate Rule 404(b)[,] because [it] related to the existence of a scheme, an element of the charged crime." *Id.* at 379.

II

These principles apply here. "The elements of wire fraud are: (1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud." *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013). The crime charged in a wire fraud prosecution therefore includes not only the specific executions of the scheme alleged as the second element of the offense but also the overall scheme alleged as the first element of the offense. As we recently explained, "the

commission of . . . a mail fraud or wire fraud offense necessarily includes a fraudulent scheme as a whole . . . , including additional executions of the scheme that were not specifically charged." *United States v. Lo*, 839 F.3d 777, 793 (9th Cir. 2016). The uncharged transactions, therefore, are part of the charged offense – the fraudulent scheme as a whole – not "other" crimes or "other" acts evidence. Rule 404(b) thus does not preclude the government from introducing evidence of uncharged transactions to prove the first element of wire fraud – the existence of a scheme to defraud.

## III

Because the evidence from other investors is charged conduct, the government is not required to rely on the inextricably intertwined doctrine to avoid Rule 404(b). However, we have also "held that evidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if 'the evidence concerning the "other" act and the evidence concerning the crime charged are inextricably intertwined.'" *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (quoting *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987)). This doctrine applies when the acts in question are so interwoven with the charged offense that they should not be treated as other crimes or acts for purposes of Rule 404(b).

"There are generally two categories of cases in which we have concluded that 'other act' evidence is inextricably intertwined with the crime with which the defendant is charged and therefore need not meet the requirements of Rule 404(b)." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). "First, we have sometimes allowed

evidence to be admitted because it constitutes a part of the transaction that serves as the basis for the criminal charge." *Id.* "Second, we have allowed 'other act' evidence to be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime; it is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *Id.* at 1012–13.

In the context of mail and wire fraud, we have held that uncharged transactions that are part of an overall scheme are "part of the same transaction" as the charged transactions, such that evidence of the uncharged transactions falls under the first inextricably intertwined exception. In *United States v. Mundi*, 892 F.2d 817, 818 (9th Cir. 1989), for example, the defendant was charged with wire fraud arising from a broad scheme to defraud travel agencies. The indictment "named only one [travel] agency specifically," although it also spoke of the defendant's scheme "in terms that indicated a far wider scope of operations." *Id.* at 820. At trial, the district court "allowed testimony which named several travel agencies not specifically mentioned in the indictment, and which discussed [the defendant's] scheme with respect to them." *Id.* We held the evidence was admissible notwithstanding Rule 404(b). Because the uncharged transactions were part of the overall scheme, the evidence "was 'inextricably intertwined' with, and 'part of the same transaction' as, the conduct alleged in the indictment." *Id.* (quoting *Soliman*, 813 F.2d at 279). Similarly, in *United States v. Sayakhom*, 186 F.3d 928, 933 (9th Cir. 1999), the defendant was charged with multiple counts of mail fraud arising from her fraudulent sale of life insurance products through a single business entity (AAC).

After the government effectively shut down AAC's operation, the defendant began operating through a second entity (MAPS), "in order to continue the unlawful sale of life insurance products." *Id.* at 937–38. At trial, the district court allowed the government to introduce evidence regarding the defendant's operation of MAPS. *See id.* at 937. Explaining that "AAC and MAPS were part of an ongoing scheme to defraud," we held "[t]he MAPS evidence is not subject to exclusion under Rule 404(b) because it is inextricably intertwined with the indicted crimes." *Id.* at 937–38 (citing *Vizcarra-Martinez*, 66 F.3d at 1006).

Under these authorities, even if the uncharged transactions at issue were not part of the crime charged, they would not be subject to exclusion under Rule 404(b) because they are "part of the same transaction" as the charged transactions. The inextricably intertwined doctrine, therefore, affords a second basis for concluding the evidence should not be treated as "other" crimes or "other" acts evidence under Rule 404(b).

## IV

We emphasize these holdings address solely the application of Rule 404(b) to the evidence the government has said it seeks to introduce. We do not address whether the evidence may be excluded for any other reason, such as under Rule 403. We also make clear these holdings apply only when the charged and uncharged transactions can fairly be characterized as parts of a single fraudulent scheme. *See Swinton*, 75 F.3d at 378.

V

The extent to which the district court properly applied these principles is not clear. On the one hand, the court appears to have applied the law correctly when it recognized "[e]vidence of other wires may be admissible to support the first, but not the second, element of wire fraud," and when it said the evidence in dispute "may be admissible if offered as proof of the scheme underlying" the charged transactions. On the other hand, the court may have erred when it said the evidence involving other investors pertained to "other wire frauds" and suggested the evidence would be excluded under Rule 404(b) unless "the government can prove that the evidence is in fact inextricably intertwined with the scheme Loftis employed in Montana." Notwithstanding some ambiguity in the district court's ruling, we do not construe it as ruling contrary to our holding here.

**ORDER AFFIRMED.**