NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10334 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00106-DAD-BAM-1 |
| v. | |
| JOAQUIN CUENCA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 17, 2017**
San Francisco, California

Before: THOMAS, Chief Judge, MURGUIA, Circuit Judge, and MCCALLA,***
District Judge.

Joaquin Cuenca, a former California Army National Guard recruiter

convicted of wire fraud, appeals the district court's evidentiary rulings at trial and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

the court's imposition of a two-level enhancement for obstruction of justice at sentencing. Cuenca was charged in 10 wire fraud counts with participating in a scheme to submit false claims of enlistee recruitment and sharing the bonuses received. At trial, the district court admitted evidence of additional uncharged fraudulent acts by Cuenca that took place during the time period of the scheme charged in the indictment. The district court admitted the evidence under Federal Rule of Evidence 404(b) and the "inextricably intertwined" exception to the Rule. Cuenca was convicted of three counts of wire fraud in 2016. At sentencing, the district court applied a two-level sentencing enhancement for obstruction of justice based on its determination that Cuenca had committed perjury at trial.

Cuenca argues that the evidence of other acts was inadmissible under Rule 404(b) and the "inextricably intertwined" exception to the Rule because it was not sufficiently related to the charged acts and was inadmissible under Rule 403 as cumulative and unfairly prejudicial. Cuenca also contends that, in granting the two-level sentencing enhancement for perjury, the district court failed to make the required findings of falsity, materiality, and willfulness pursuant to *United States v. Castro-Ponce*, 770 F.3d 819 (9th Cir. 2014).

We review the district court's evidentiary rulings for abuse of discretion. *United States v. Major*, 676 F.3d 803, 807 (9th Cir. 2012). The district court's factual findings in support of an obstruction of justice sentencing enhancement

pursuant to § 3C1.1 of the United States Sentencing Guidelines are reviewed for clear error. *United States v. Herrera-Rivera*, 832 F.3d 1166, 1172 (9th Cir. 2016). We affirm.

Prior to trial, the government filed a motion in limine indicating its intent to present evidence of five additional fraudulent acts from four recruits and one Recruiter's Assistant not named in the indictment. The uncharged transactions involved the "same principal actors, in the same roles, and employing the same general modus operandi" as the charged offenses. *United States v. Swinton*, 75 F.3d 374, 378 (8th Cir. 1996). Pursuant to this court's decision in *United States v. Loftis*, 843 F.3d 1173 (9th Cir. 2016), evidence of the uncharged transactions did not implicate Rule 404(b) because the evidence related to the existence of the scheme to defraud, an element of the charged crime. *See Loftis*, 843 F.3d at 1178. The uncharged transactions were "intrinsic" to the charged counts of wire fraud as they were all part of a single scheme; therefore, evidence of the uncharged transactions was also admissible under the "inextricably intertwined" exception to Rule 404(b). The district court also did not abuse its discretion in declining to exclude the evidence under Rule 403 as the testimony was highly probative of elements one and three of the crime – the existence of a scheme to defraud and a specific intent to defraud. The testimony from the five witnesses was relatively brief. The district court did not abuse its discretion in determining that the

testimony would not be unduly time-consuming or prejudicial.

Regarding the two-level obstruction of justice sentencing enhancement, the district court applied the enhancement after listening to arguments from both parties and reviewing the Presentence Report ("PSR"). The district court expressly adopted the factual findings in the PSR, stating that it was "overrul[ing] the objection to the obstruction of justice adjustment as recommended by the probation office and adopt[ing] that aspect of the PSR." Though the district court did not discuss each element of the obstruction of justice enhancement on the record, its adoption of the findings in the PSR regarding falsity, materiality, and willfulness were sufficient for the purposes of *Castro-Ponce*. *See United States v. Doe*, 488 F.3d 1154, 1158 (9th Cir. 2007) (finding that the required findings were made where the district court adopted the victims' statements in the PSR); *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir. 1990) (holding that the district court made adequate findings when it stated that the position in the Probation Officer's addendum was the correct one). The PSR contained the required factual findings on each aspect of the obstruction of justice enhancement for perjury. Therefore, the district court did not clearly err in applying the enhancement.

**AFFIRMED.**

4