**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10571 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:14-cr-00030-JST-1 |
| MARCUS BELTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted July 10, 2017
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and GUILFORD,[**] District
Judge.

Marcus Belton was found guilty of being a felon in possession of a firearm

and ammunition, *see* 18 U.S.C. § 922(g)(1), possessing with intent to distribute

cocaine and cocaine base within 1,000 feet of an elementary school, *see* 21 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Andrew J. Guilford, United States District Judge for the
Central District of California, sitting by designation.

§§ 841(a)(1), (b)(1)(C), 860(a), and possessing a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A). Belton now appeals his conviction, asserting four purported errors. Finding none, we affirm.

1. The district court did not abuse its discretion in denying Belton's various requests to continue the trial. *See United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). Belton rejected several different appointed attorneys throughout the course of the proceedings, and engaged in dilatory conduct while representing himself. The district court properly considered those facts. With the record in this case, it was neither arbitrary nor unreasonable for the district court to conclude that Belton was not "diligent in preparing his defense" and that his request for a continuance "appear[ed] to be a delaying tactic." *See United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010). Further, standby counsel had sufficient time to prepare before the first day of trial. Any alleged difficulty associated with that task was not attributable to the district court's decision to deny a continuance. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989).

2. Belton challenges the district court's ruling that, if he were to ultimately testify at trial, he would be required to examine himself in question-and-answer format. But, as his counsel emphasized at oral argument, Belton made no commitment to testify in the absence of the district court's ruling and, what is

2

more, failed to even attempt to take the stand.  We are aware of no authority, and counsel has supplied none, that allows a criminal defendant to preserve such an argument by merely thinking about the decision to testify.  We therefore conclude that Belton has forfeited the ability to challenge the district court's ruling on this issue.  *See United States v. Johnson*, 903 F.2d 1219, 1222 (9th Cir. 1990).  Any other approach would venture far into the realm of speculation and conjecture.  *Cf. Luce v. United States*, 469 U.S. 38, 41–43 (1984).

3.  The district court did not plainly err or abuse its discretion in admitting evidence of Belton's previous felonies.  *See United States v. Loftis*, 843 F.3d 1173, 1176 n.1 (9th Cir. 2016); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).  Consistent with the federal rules and our precedents concerning propensity evidence, the district court properly admitted at least one of Belton's convictions to prove, among other things, "intent" and "knowledge."  *See* Fed. R. Evid. 404(b)(2); *United States v. Holler*, 411 F.3d 1061, 1066–67 (9th Cir. 2005), *overruled in part on other grounds by United States v. Larson* , 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc).  That evidence was not unfairly prejudicial in the sense contemplated by Federal Rule of Evidence 403.  *See United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).  Belton's other convictions were admitted, in sanitized form, because he did not stipulate to his status as a "felon" under 18 U.S.C. § 922(g)(1).

3

*See United States v. Weiland*, 420 F.3d 1062, 1078 (9th Cir. 2005). Any other possible error, we conclude, was harmless because it had little or no effect on the jury's verdict, *see id.*, and was mitigated by the district court's appropriate limiting instruction, *see United States v. Lloyd*, 807 F.3d 1128, 1167 (9th Cir. 2015).

4. Even under a *de novo* standard of review, *see United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011), the district court did not err in denying Belton's motion to dismiss the superseding indictment for vindictiveness. Belton has not produced any direct evidence of an improper prosecutorial motive. *See United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). Nor, at any rate, has he identified circumstances sufficient to justify a presumption of prosecutorial vindictiveness in the pre-trial context. *See United States v. Goodwin*, 457 U.S. 368, 381–82 (1982).

**AFFIRMED.**