**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30073 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:15-cr-00450-HZ-1 |
| KILUNNUN ADYDEN CHIVOSKI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted October 11, 2018
Portland, Oregon

Before: FISHER, CLIFTON, and CALLAHAN, Circuit Judges.

Defendant-Appellant Kilunnun Adyden Chivoski appeals his conviction. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Chivoski challenges the admission of expert testimony by Dr. Goodman. The court's decision to admit expert testimony is reviewed for abuse of discretion. *United States v. Cazares*, 788 F.3d 956, 975–76 (9th Cir. 2015).

The district court has broad discretion in determining whether a separate pretrial *Daubert* hearing is necessary. *United States v. Alatorre*, 222 F.3d 1098, 1102 (9th Cir. 2000). Prior to trial the Government submitted the expert witness's CV and a description of her proposed testimony. After reviewing these documents the district court stated conclusions and reasoning on the record that the witness was qualified and the *Daubert* gatekeeping function satisfied. That was sufficient. A separate pretrial hearing was not required.

Chivoski also contends that Dr. Goodman lacked the requisite knowledge to testify to an issue that lacked substantial scientific research. The lack of peer-reviewed papers on an issue does not necessarily preclude the admission of expert testimony under *Daubert*. *Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010). Dr. Goodman had conducted a study and submitted a publication on the relevant subject, and the district court did not abuse its discretion in concluding that she was qualified to testify on the subject. *Id.*

2. Chivoski argues that the district court erred when it admitted evidence of prior bad acts. We review the admitted evidence for abuse of discretion. *United*

2

*States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003). Evidence of acts that were "inextricably intertwined" with the charged offense do not fall within the constraints of Federal Rule of Evidence 404(b). *Id.* The court did not abuse its discretion in admitting the evidence in question under the theory it was "inextricably intertwined" with the charged offense on the basis it was "necessary . . . to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016).

3.      Chivoski contends that the district court violated his Sixth Amendment right to present a defense when it excluded evidence as hearsay. The Sixth Amendment grants a criminal defendant the opportunity to present relevant evidence in his defense. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). This right is tempered, however, by "other legitimate interests in the criminal trial process." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). We review the exclusion of evidence for abuse of discretion. *United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017).

The exclusion as hearsay of statements made by the state trial judge during a custody hearing and of the report created by Ms. Stone in preparation for that trial was not an abuse of discretion. The statements by the judge and the transcript of the custody hearings contained statements from numerous sources potentially

3

creating confusion in the jury and violating the hearsay rules.  Ms. Stone's report

also contained multiple levels of hearsay, each of which would need to conform

with a hearsay exception. The district court allowed Ms. Stone to testify on her

own knowledge.  The other persons cited in her report were not called to testify to

their own statements and actions.  The district court did not abuse its discretion

when it ruled that the transcript and the report did not qualify for an exception

under Federal Rule of Evidence 803 and were not admissible.

**AFFIRMED.**[1]

---

[1] The Government's motion to transmit physical evidence under seal (Dkt. No. 21) is denied.