**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-50208 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:13-cr-00220-DMG-1 |
| QUEEN ANIEZE-SMITH, | |
| Defendant-Appellant. | MEMORANDUM* |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-50204 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:13-cr-00220-DMG-2 |
| ABDUL KING GARBA, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 4, 2019*
Pasadena, California

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GOULD and NGUYEN, Circuit Judges, and BENITEZ,[**] District Judge.

Defendant-Appellants Queen Anieze-Smith and Abdul King Garba were each convicted on five counts of health care fraud in violation of 18 U.S.C. § 1347. In this consolidated appeal, Defendant-Appellants challenge the sufficiency of the evidence to support their convictions and various evidentiary rulings of the district court. Anieze-Smith also individually challenges the district court's restitution order, which we address in a concurrently-filed opinion.

1. There was sufficient evidence to support Defendant-Appellants' convictions. The court reviews the sufficiency of the evidence in the light most favorable to the prosecution to determine whether any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Viewed in the light most favorable to the prosecution, the evidence is sufficient to support Defendant-Appellants' convictions on all counts charged. The evidence shows that Defendant-Appellants, through their joint business, ITC, obtained patients from a select group of doctors, some of whom worked at compromised clinics. Defendant-Appellants filled almost exclusively power wheelchair prescriptions and did so regardless of whether the patient's medical file had indicated that a power wheelchair was medically

---

[**] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

necessary.  The evidence also shows that Defendant-Appellants delivered power wheelchairs without conducting home assessments, billed for power wheelchairs before they were delivered, or in some cases received fewer prescriptions for and purchased fewer power wheelchairs than the number of power wheelchair claims that they submitted to Medicare for reimbursement.  Taken together, this evidence is sufficient to support Defendant-Appellants' convictions for health care fraud.

2.      The district court did not err in admitting Special Agent Kuntz's ("SA Kuntz") expert opinion testimony.  SA Kuntz's testimony was relevant to help the jury understand the overall fraudulent scheme alleged, *see United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016) (noting that, where a fraudulent scheme is an element of the offense charged, the government may present evidence establishing the fraudulent scheme as a whole), and helpful to the jury to explain the *modus operandi* of fraudulent durable medical equipment supply schemes, s*ee United States v. Johnson*, 735 F.2d 1200, 1202 (9th Cir. 1984).  The challenged testimony here did not raise the same concerns as those raised by certain drug courier profile testimony.  *See United States v. Gil*, 58 F.3d 1414, 1422 (9th Cir. 1995). Defendant-Appellants' argument that SA Kuntz's testimony was unreliable goes to the weight, and not to the admissibility, of SA Kuntz's testimony.  *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000); *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993).

3.     The district court did not abuse its discretion in admitting the Medicare overpayment letters.  The existence of a fraudulent scheme is an element of the health care offenses charged.  *See* 18 U.S.C. § 1347.  Although the five counts charged all involve executions of the scheme that occurred in 2008, the indictment alleges that the fraudulent scheme ran from 2006 to 2009.  Evidence of the Medicare overpayment letters sent in 2009 is therefore admissible for the non-hearsay purpose of showing that Defendant-Appellants were on notice of their problematic billing practices during the course of the fraudulent scheme.

4.     The district court did not abuse its discretion in admitting summary charts that were prepared by Special Agent Nathenson ("SA Nathenson").  The charts were admissible under Federal Rule of Evidence 1006 because they summarized thousands of pages of relevant documents, and Defendant-Appellants do not dispute that the underlying documents were made available to them.  That SA Nathenson was not an accountant does not affect the charts' admissibility.  *See United States v. Aubrey*, 800 F.3d 1115, 1129 (9th Cir. 2015).  Anieze-Smith's argument that the charts violated Rule 403 fails because she cannot show that their probative value was substantially outweighed by the risk of prejudice.  Anieze-Smith's remaining arguments as to foundation, hearsay, the Confrontation Clause, relevance, and character evidence are abandoned.  *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

5. The district court also did not abuse its discretion in admitting evidence of fraud at certain clinics that referred patients to ITC. The evidence of fraud at the clinics was inextricably intertwined with the conduct charged because it was necessary to explain the government's theory of the case—namely, how ITC obtained prescriptions for the unnecessary power wheelchairs, why ITC should have been on notice that the power wheelchairs were unnecessary, and where ITC's large unaccounted-for cash withdrawals may have been going. *See United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004).

6. The district court did not err in denying Anieze-Smith's motion to dismiss the indictment based on alleged misconduct during the grand jury proceedings. Any alleged mistake in connection with the grand jury's charging decision is rendered harmless beyond a reasonable doubt by the petit jury's guilty verdict. *See United States v. Bingham*, 653 F.3d 983 (9th Cir. 2011). The court's review on appeal is limited to specific structural errors, which Anieze-Smith does not allege here. *Id.* Even assuming *arguendo* that the district court erred in not dismissing the indictment, the error was harmless.

7. Defendant-Appellants' cumulative error argument fails because Defendant-Appellants have not established that the district court committed any error. *See United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993).

**AFFIRMED.**