**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-10241 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00008-HDM-WGC-1 |
| v. | |
| CONNOR TIMOTHY WOODS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted July 15, 2019
San Francisco, California

Before:  PAEZ and RAWLINSON, Circuit Judges, and HUCK,** District Judge.

Defendant-Appellant Connor Woods appeals his convictions for conspiracy

to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951;

interference with commerce by robbery, in violation of 18 U.S.C. § 1951; and use

of a firearm in relation to a crime of violence, in violation of 18 U.S.C.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

§ 924(c)(1)(A)(ii). This case involves a robbery of a 7-Eleven in Reno, Nevada, and the prosecution's theory was that Woods carried out the robbery with the use of a handgun. Woods argues that the district court erred in denying his motion to suppress his confession, improperly admitted evidence of "prior bad acts," and abused its discretion in admitting evidence over Woods's chain of custody and authentication objections. Woods also argues that a witness's testimony that the defendants were "gang members" warrants a new trial and that there was insufficient evidence. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

**1.** Woods appeals the denial of his motion to suppress his confession because the government cannot establish that he knowingly and voluntarily waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), as he was not fully informed of those rights. We review de novo the denial of a motion to suppress and questions of law, including the adequacy of a *Miranda* warning. *See United States v. Perez-Lopez*, 348 F.3d 839, 844 (9th Cir. 2003).

A suspect must be advised of the right to counsel before questioning, and Woods was never informed of that right. *See United States v. Noti*, 731 F.2d 610, 615 (9th Cir. 1984). Woods was questioned by police officers on two consecutive days, and he confessed on the second day. The warning Woods received on the first day of questioning did not state that Woods had the right to counsel before

2

questioning. On the second day, Woods was not fully re-advised of his rights; instead, the interrogating officer asked Woods if he was advised of his rights the day before and remembered those rights. Because Woods was not informed of the right to consult with an attorney before questioning, the warnings did not "reasonably convey" to Woods his Fifth Amendment rights against self-incrimination. *See Duckworth v. Eagan*, 492 U.S. 195, 203 (1989).

The district court denied Woods's motion to suppress—in error—because the court determined that, even though Woods did not receive a proper *Miranda* warning on the second day of questioning, he "was properly *Mirandized* within a 24-hour period," on the first day of questioning. The government agrees that the district court erred in determining that Woods was properly advised on the first day of questioning; however, the government argues that Woods waived any challenge to the advisement given on the first day of questioning.

Woods did not waive his challenge to the improper *Miranda* advisement on the first day of questioning. Although Woods's motion to suppress in district court focuses on the second day's questioning, Woods argued that the "*Miranda* warnings were incomplete because the officer did not inform the suspect that he had the right to counsel prior to being questioned." Moreover, the question of whether it was proper for Woods to be interrogated without a complete *Miranda* warning on the second day necessarily involves an examination of the warning on

3

the first day. *See United States v. Andaverde*, 64 F.3d 1305, 1311 (9th Cir. 1995) ("The voluntariness of a confession is determined by the totality of the circumstances.").

Having found that the district court erred in denying the motion to suppress the confession and that Woods did not waive this challenge, "we must consider whether the error was harmless beyond a reasonable doubt." *Noti*, 731 F.2d at 615. Neither the clerk from the 7-Eleven, nor any other witness, identified Woods as the robber or placed him at the robbery. Given the circumstantial nature of the remaining evidence, it does not appear "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 24 (1967). We therefore reverse and remand for a new trial.

**2.** Because we reverse Woods's conviction, we need not address his argument that there was insufficient evidence to support the jury's verdict or that a witness's testimony that the defendants were "gang members" warrants a new trial. However, because the evidentiary issues could be implicated in a retrial, we proceed to address them. First, the district court did not abuse its discretion when it admitted testimony about Woods taking and possessing the handgun, van, and driver's license because this evidence was "inextricably intertwined" with the charged offense and offered to prove identity, preparation, or plan. *See* Fed. R. Evid. 404(b); *United States v. Loftis*, 843 F.3d 1173, 1176–78 (9th Cir. 2016).

4

Second, the district court did not abuse its discretion in admitting Woods's phone calls from the Sonoma County Jail, the fingerprint from USA Pawn, surveillance video from The Sting, or body camera video from Woods's arrest over Woods's authentication and chain of custody challenges because there was "a reasonable probability the article[s] ha[d] not been changed in important respects." *United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991) (internal quotations marks and citation omitted).

**REVERSED AND REMANDED.**

*United States v. Woods,* Case No. 18-10241
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I respectfully dissent from that portion of the disposition concluding that the

district court erred in denying Connor Woods' motion to suppress his confession.

As an initial matter, Woods did not assert as a basis for his motion to

suppress in district court that he received defective warnings in violation of

*Miranda v. Arizona*, 384 U.S. 436 (1966), in conjunction with the Sonoma County

arrest. This failure "constitutes a waiver." *United States v. Hawkins*, 249 F.3d

867, 872 (9th Cir. 2001). Indeed, Woods' counsel affirmatively stated at the

suppression hearing that she had "no quibble with the fact that Sergeant Cutting

[from Sonoma County] did do a proper *Miranda* of Mr. Woods," and that Woods

indicated he understood the warnings. Similarly the motion to suppress confirmed

that "[t]he arresting deputy properly gave Mr. Woods his *Miranda* rights."

The record is clear that Mr. Woods waived his *Miranda* argument as it

relates to the Sonoma County questioning. As to the questioning by the City of

Reno detective, Woods was asked if he had been previously advised of his

*Miranda* rights and was requested to express his understanding of what those rights

encompassed. In response, Woods specifically mentioned the right to remain

silent, and confirmed that the *Miranda* rights were "fresh in [his] mind" from his

1

arrest. Woods also had no questions regarding his *Miranda* rights. Woods' response was not surprising in light of his extensive experience with the criminal justice system. *See United States v. Price*, 921 F.3d 777, 792 (9th Cir. 2019) (explaining that "[i]n determining the knowing and intelligent nature of the waiver, we consider the totality of the circumstances, including . . . whether the defendant had prior experience with the criminal justice system") (citation omitted).

Consequently, although I concur in the balance of the majority disposition, I respectfully dissent from the reversal of the district court's ruling on the motion to suppress.