**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50411 |
| Plaintiff-Appellee, | D.C. No.<br>8:15-cr-00129-CJC-1 |
| v. | |
| SOLOMON JALLOH, AKA Sulaiman Jalloh, AKA Suliman Jalloh, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted December 9, 2019**
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,*** District Judge.

Solomon Jalloh challenges his convictions on eight counts of wire fraud, his

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

87-month sentence, and the district court's order of $2.1 million in restitution. Finding no error, we affirm.

1. Count 8 was properly joined with the first seven counts. All eight counts are clearly of the "same or similar character," as they shared the same evidence, the same modus operandi, and the same statutory offense. *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007) (quoting Fed. R. Crim. Proc. 8(a)). Although there is a temporal gap between the activity charged in the first seven counts and the conduct charged in the eighth, all eight counts took place within the time frame alleged in the indictment and proved at trial. There was no error, much less plain error, in joining the charges.

2. Jalloh waived his contention that the district court abused its discretion in failing to sever the special sentencing allegation from the remaining charges. "It is well-settled that the motion to sever must be renewed at the close of evidence or it is waived." *United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008) (internal quotation marks omitted). Jalloh failed to renew his pretrial motion, thus waiving this claim. Even if not waived, the claim lacks merit. The district court did not abuse its discretion in concluding that the sentencing allegation was inextricably linked to Count 8. The same evidence required to prove Count 8 would be required to prove that Jalloh committed "an offense" for purposes of 18 U.S.C. § 3147, making a second trial wasteful and duplicative.

**3.** The district court did not abuse its discretion in permitting testimony from two victims not specifically mentioned in the indictment. When an indictment alleges a general scheme, "evidence of uncharged transactions is not evidence of 'other' crimes or acts under Rule 404(b), because it is evidence of part of the *crime charged* in the indictment—the overall scheme to defraud." *United States v. Loftis*, 843 F.3d 1173, 1176 (9th Cir. 2016). The indictment alleged "a scheme to defraud investors . . . by means of materially false and fraudulent pretenses." The victims who testified at trial were defrauded by that very scheme. Their testimony was therefore direct evidence of Jalloh's crime.

Nor did Federal Rule of Evidence 403 bar the admission of the testimony. Although Jalloh highlights the portions of the witnesses' testimony describing the harm the loss had caused them, the majority of the testimony was dry and factual. One emotional remark by each witness does not outweigh the highly probative value of their testimony as a whole.

**4.** The district court correctly imposed sentence enhancements for ten or more victims and for losses exceeding $1.5 million. Jalloh's challenges to these enhancements fail to account for the fact that, when prescribing sentences for scheme-based crimes, the Sentencing Guidelines explicitly require consideration of all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *see also United States v.*

*Fine*, 975 F.2d 596, 600 (9th Cir. 1992) (en banc) ("[C]onduct which was part of the scheme is counted, even though the defendant was not convicted of crimes based upon the related conduct."). Over the four-year period charged in the indictment, Jalloh defrauded many more victims than just the undercover officer, and the district court permissibly included them in its calculations. Based on the evidence provided by the government (the factual accuracy of which Jalloh does not challenge), the district court did not clearly err in determining that the scheme resulted in a loss of more than $1.5 million to 21 victims.

**5.** Jalloh's restitution argument fails for the same reason. The Mandatory Victims Restitution Act requires that restitution be made to anyone "harmed by the defendant's criminal conduct in the course of the scheme." 18 U.S.C. § 3663A(a)(2). As already established, Jalloh defrauded the victims not named in the indictment as part of the scheme charged. The very same false documents, phone numbers, and promises alleged in the indictment induced these other victims to invest their money with Jalloh. Their losses thus "flow[ed] directly from the specific conduct that is the basis of the offense of conviction." *United States v. May*, 706 F.3d 1209, 1214 (9th Cir. 2016) (internal quotation marks omitted).

**AFFIRMED.**