NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. HARRY DEAN PROUDFOOT III, Defendant-Appellant. | No. 19-30074 D.C. No. 3:15-cr-00427-SI-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted February 3, 2021
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Harry Proudfoot, III, appeals his jury conviction for one count of Conspiracy

to Commit Wire Fraud (18 U.S.C. § 1349), four counts of Wire Fraud (18 U.S.C.

§ 1343), one count of Conspiracy to Commit Money Laundering (18 U.S.C.

§ 1956(h)), and seven counts of Engaging in Monetary Transactions with

Criminally Derived Property (18 U.S.C. § 1957). All of the charges arise from a

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

fraudulent gold-mining investment scheme, known as Three Eagles. Proudfoot argues that the district court abused its discretion in several of its evidentiary rulings and that the errors were not harmless. Proudfoot also challenges the district court's restitution order, arguing that the court improperly included investors who had invested prior to the charged Three Eagles venture. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review evidentiary rulings for an abuse of discretion and will reverse only if nonconstitutional error more likely than not affected the verdict. *United States v. Hankey*, 203 F.3d 1160, 1166–67 (9th Cir. 2000). We review the district court's interpretation of the legality of a restitution order *de novo*, the district court's factual findings for clear error, and the amount of restitution for abuse of discretion. *United States v. Peterson*, 538 F.3d 1064, 1074 (9th Cir. 2008).

1.      The district court did not abuse its discretion in admitting the testimony of Norm and Eric Stadeli. Before trial, Proudfoot moved to exclude evidence that Norm Stadeli invested in other mining ventures with Proudfoot before investing in Three Eagles. Proudfoot also moved to exclude evidence that Eric Stadeli invested $50,000 with Proudfoot in March 2008, when Three Eagles was exploring a mining operation site in Nevada. After Three Eagles moved to Ohio, Proudfoot revised Eric Stadeli's promissory note to reflect that Three Eagles owed him $100,000.

2

The Stadelis' testimony was directly relevant and not "other acts" evidence under Federal Rule of Evidence 404. The money invested by the Stadelis was transferred to the new Three Eagles venture and Three Eagles investor funds were used to pay back the original investments. Both Norm and Eric Stadeli were effectively converted into Three Eagles investors when Proudfoot was unable to make good on their original investment. The history of how Proudfoot obtained the Stadelis' investments and the testimony about their losses was thus "inextricably intertwined" with the charged scheme. *See United States v. Loftis*, 843 F.3d 1173, 1178 (9th Cir. 2016); *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003).

Further, the evidence was not inadmissible under Federal Rule of Evidence 403. "Relevant evidence is inherently prejudicial." *Hankey*, 203 F.3d at 1172 (internal quotation marks omitted). Proudfoot fails to establish how the Stadelis' evidence resulted in unfair prejudice, substantially outweighing its probative value. *See* Fed. R. Evid. 403.

**2.** The district court did not abuse its discretion in admitting evidence of a 1993 cease and desist order related to securities violations because Proudfoot failed to disclose the order to his investors, while claiming in promotional materials for Three Eagles that he had a "successful" career in the 1990s. In the context of mail and wire fraud schemes, a duty to disclose occurs when the relationship is a

3

"formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise." *United States v. Shields*, 844 F.3d 819, 823 (9th Cir. 2016) (internal quotation marks omitted). Proudfoot's statements about the success of his career, unaccompanied by the disclosure of the cease and desist order, prevented investors from making a fully informed decision about investing in the mining operation. .

3.      Even if we were to conclude that the district court abused its discretion in admitting the challenged evidence, any error was harmless. *See United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc) (setting standard of review for nonconstitutional error). In this case, there was ample evidence of Proudfoot's guilt independent of the challenged evidence.

4.      The district court did not err in ordering restitution to Norm Stadeli. Under to the Mandatory Victims Restitution Act ("MVRA") 18 U.S.C. § 3663A(a)(2), restitution for wire fraud offenses is not limited to harm caused by the particular counts of conviction, but may include"related butuncharged conduct that is part of a fraud scheme." *United States v. Lo*, 839 F.3d 777, 788 (9th Cir. 2016) (internal quotation marks omitted). When Three Eagles collapsed, Norm Stadeli lost his $700,000 investment, which had previously been transferred to Three Eagles. Norm Stadeli was, therefore, "directly harmed by [Proudfoot's] criminal conduct

4

in the course of the scheme" and the district court properly included him as a victim of the offense for purposes of the MVRA. 18 U.S.C. § 3663A(a)(2); *see United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 928 (9th Cir. 2001). Therefore, the district court's conclusion that Norm Stadeli was a victim of the Three Eagles fraud scheme was not clearly erroneous, and the decision to include those losses in the restitution order, for a total amount of $4,020,706.33, was not an abuse of discretion.

**AFFIRMED.**